CATHERINE O'NEILL, INDIVIDUALLY AND AS EXECUTRIX AND TRUSTEE UNDER THE WILL OF JOHN I. O'NEILL, DECEASED, PLAINTIFF-RESPONDENT, v. STATE HIGHWAY DEPARTMENT OF NEW JERSEY AND DWIGHT R. G. PALMER, COMMISSIONER OF THE STATE HIGHWAY DEPARTMENT OF NEW JERSEY, DEFENDANTS-APPELLANTS.

Argued May 20, 1963—Decided June 6, 1963.

*Mr. Robert B. Kroner,* Deputy Attorney General, argued the cause for defendants-appellants (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

*Mr. John C. Heavey, Jr.,* argued the cause for plaintiff-respondent (*Mr. Elmer J. Bennett,* of counsel; *Messrs. Carpenter, Bennett & Morrissey,* attorneys).

The opinion of the court was delivered

PER CURIAM. The issue is whether plaintiff is entitled to trial by jury of the factual issues involved in this proceeding in lieu of prerogative writ, brought to compel defendants to condemn lands which plaintiff claims to be hers. The trial court held there was no right to jury trial. The Appellate

Division reversed, 77 *N. J. Super.* 262 (1962), and one judge there dissenting, this appeal was prosecuted as of right. *R. R.* 1:2-1(b).

Both opinions in the Appellate Division are able and comprehensive statements of the contending views. We agree with the dissent and hence reverse. We, however, think we should add some observations.

■■ *R. R.* 4:88-2, formerly *Rule* 3:81-2, provides that a civil action in lieu of prerogative writ shall be tried before a judge "except in any case where a jury trial would have heretofore been available." The quoted language was intended to refer to whatever right to jury trial was provided by the Constitution as distinguished from the statutory scheme at the time the present Constitution was adopted. We think the comment to the rule in the *Tentative Draft* (1948) reveals this meaning. We add that the rule cannot be taken to be a determination that there are some proceedings in lieu of prerogative writs in which a jury trial is constitutionally guaranteed. The rule was phrased as it is to avoid a decision upon that obscure question, to the end that it might be decided after appropriate argument and investigation.

Anciently, as the opinions in the Appellate Division reveal, the truth of the return made to the alternative writ of *mandamus* could not be disputed and hence the peremptory writ was refused upon the basis of a return which was legally sufficient on its face. Thus there was no opportunity in that special proceeding to try a question of fact. Later, to relieve from the rigor of that approach, an action on the case for a false return was permitted. A finding of falsity in that action at law led to the issuance of the prerogative writ in the special proceeding. Thus the action on the case was used as a device to overcome the failure to entertain the meritorious factual issue in the prerogative writ case. Such indirection was quite typical of the common law's reaction to the shortcomings of established procedures.

■■ Trial by jury thus entered the scene, not because it was the required way to resolve factual disputes in a preroga-

tive writ matter, but rather because trial by jury happened to be an incident of the circumventing device, *i. e.,* the common law action on the case. The right of trial by jury thus stemmed from the form of the action rather than the nature of the ultimate controversy. Hence there was no fundamental reason why the right to trial by jury had to accompany the factual issue if that issue should later be accepted for trial within the prerogative writ proceeding. Accordingly, we believe that when resort to the device of an action at law was abandoned, the factual issues became triable in the prerogative writ matter by the judge, and that if jury trial was then provided by statute, it rested upon the statute alone rather than upon the common law.

The dissent in the Appellate Division (77 *N. J. Super.,* at *pp.* 278, *et seq.*) would find such constitutional assurance of trial by jury with respect to the situations embraced in the statute of 9 *Anne, c.* XX (1710). That statute was intended to permit an easier and speedier determination of the rights of office and franchises in cities, towns corporate and boroughs. To that end it provided that the return could be traversed and proceedings had thereon "as might have been had if the Person or Persons suing such Writ had brought his or their Action on the Case for a false Return." We think it unnecessary to decide whether our Constitution guarantees trial by jury in the situations covered by that act.

The judgment of the Appellate Division is accordingly reversed and the judgment of the trial court affirmed. No costs in any court.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.