83 N.J. Super. 455 (1964)
200 A.2d 354
WESLEY K. BELL, PLAINTIFF-APPELLANT,
v.
LOVENIA H. FOSTER, CLERK OF THE TOWNSHIP OF LONG BEACH IN THE COUNTY OF OCEAN, RALPH G. PARKER, HOWARD LAMBERTSON, JAMES MANCINI, JACK MORTIMER (HIS TRUE FIRST NAME BEING UNKNOWN TO THE PLAINTIFF) AND THOMAS J. BOSSERT, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1964.
Decided May 4, 1964.
*456 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. James M. Davis, Jr., argued the cause for appellant (Messrs. Powell & Davis, attorneys).
Mr. Franklin H. Berry, Jr., argued the cause for respondents (Messrs. Berry, Whitson & Berry, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Following oral argument we announced our affirmance of the judgment below and stated we would file a formal opinion setting out our views in greater detail.
Plaintiff appeals from a Law Division judgment entered April 27, 1964 in defendants' favor, denying his motion for summary judgment and dismissing his complaint. The effect *457 of the judgment was to determine that plaintiff was not eligible to stand for election to the office of commissioner of Long Beach Township, Ocean County, by reason of his failure to meet the statutory requirement that a commissioner shall have been a citizen and resident of the municipality for at least two years immediately preceding his election. N.J.S.A. 40:72-1. We scheduled the filing of the appendix and briefs and the hearing of oral argument on an emergency basis in view of the imminent commission election.
Long Beach Township has a commission form of government under and by virtue of the provisions of Title 40, Subtitle 4 of the Revised Statutes. An election will be held on May 12, 1964, at which time three commissioners will be elected for a term of four years. On March 3, 1964 plaintiff filed or caused to be filed with defendant Lovenia H. Foster, township clerk, nominating petitions substantially in the form prescribed by N.J.S.A. 40:75-4, signed by legal voters of the township in excess of one-half of 1% of the entire vote cast at the 1963 general election, and in excess of 25. See N.J.S.A. 40:75-3. On April 1 defendant Foster, purportedly acting pursuant to statutory authority, examined the records in the office of the Ocean County Board of Elections relating to each of the candidates who had filed petitions for the May 12 commission election. The records indicated that plaintiff had voted in the Borough of Beach Haven at the November 6, 1962 general election. She thereupon requested the county counsel to advise her whether plaintiff had complied with the residence requirement of N.J.S.A. 40:72-1. On April 2 he wrote her that plaintiff was not eligible to run for the office of commissioner because he did not meet that requirement, and consequently his name should not appear on the voting machines, in the absentee ballots, or in the list of candidates when that list was published. Acting on this advice she excluded plaintiff from the drawing for the position of candidates, held April 8, 1964. Nor did she give him at least two days' notice of that drawing, as required by N.J.S.A. 40:75-9. In fact, by letter dated April 6, received *458 April 8, she notified plaintiff that he was not eligible to run for the office of commissioner because he had not complied with the residence requirement of the statute.
Plaintiff promptly filed an action in lieu of prerogative writs in the Law Division in which he demanded judgment declaring that the township clerk's determination was illegal, requiring her to recognize him as a lawful candidate for commissioner, setting aside the drawing for ballot positions held April 8, 1964, and requiring her to conduct a new drawing and to place his name upon the sample, official, military and absentee ballots as candidate for the office of township commissioner, along with the names of the other candidates, in the order determined by the new drawing. The assignment judge granted plaintiff an order to show cause, returnable before County Court Judge Novins on April 17, 1964, and which restrained defendant Foster from continuing publication of the names of the commission candidates without including plaintiff's name. Plaintiff and defendant Foster each moved for summary judgment.
The other five candidates, two of them incumbents, were made defendants to the prerogative writ action. Although all of them were served, none entered a formal appearance or participated in any way in the proceedings. On April 23, the adjourned date of the hearing on the order to show cause, the trial judge agreed that defendant Foster did not have the power as township clerk to adjudicate plaintiff's qualifications for office. He denied both motions for summary judgment and proceeded to hear witnesses on the question of whether plaintiff had been a resident of Long Beach Township for two years preceding the May 12, 1964 election date. After taking extensive testimony, Judge Novins determined that plaintiff did not possess the residence requirement, dismissed his complaint and entered judgment in favor of defendants. This appeal followed.
Article 1 of Chapter 75 of Title 40 of the Revised Statutes (R.S. 40:75-1 to 16, as amended) sets out the provisions applicable to all municipalities with respect to the nomination *459 of candidates and preparation for a commission election. No primary election is provided for the nomination of candidates. Instead, N.J.S.A. 40:75-3 provides that nomination shall be by petition filed in the manner and form and under the conditions set forth in that section and sections 40:75-4 and 5. Insofar as N.J.S.A. 40:75-3 is applicable to Long Beach Township, it requires that the petition for nomination shall consist of individual certificates equal in number to at least one-half of 1% of the entire vote cast at the last preceding general election, but in no event less than 25.
The functions of the municipal clerk may be found in the several provisions of R.S. 40:75-3 through 10, as amended. The only power to review given the clerk is that contained in R.S. 40:75-5, which provides:
"When a petition of nomination is presented for filing to the municipal clerk he shall forthwith examine the same and ascertain whether it conforms to the provisions of section 40:75-3 and 40:75-4 of this title, and if it is not in conformity therewith he shall designate the defect and forthwith return the same to the person presenting it, which may again be presented forthwith when properly amended."
N.J.S.A. 40:75-3, already referred to, deals with the time of the filing of the petition of nomination and the number of signatures required; a certificate may contain the name of but one candidate and not more than ten signers, and no person may sign more than one certificate for the office to be filled. N.J.S.A. 40:75-4 deals with the form and content of the petition, and requires the municipal clerk to furnish upon application a reasonable number of forms.
The two-year residence requirement, as noted, is contained in N.J.S.A. 40:72-1. Had the Legislature intended that a municipal clerk could make a determination of residency, it would have been a simple matter to say so. It failed to so provide. As was said in In re Ray, 26 N.J. Misc. 56, 59, 56 A.2d 761, 763 (Cir. Ct. 1947), the right to hold office is a valuable one and its exercise should not be declared prohibited or curtailed except by plain provisions of the law.
*460 The quoted statute clearly vests the municipal clerk with ministerial powers only. To the extent that the residence requirement embraces the concept of domicile, its determination calls for judicial intervention. As plaintiff observes, were the municipal clerk permitted to determine qualifications for office, there would be a clear chance of abuse of that power.
We hold that defendant Foster, as township clerk, had no power to rule plaintiff off the ballot because he did not have a two-year residence in Long Beach Township. Her sole authority was to examine the petition filed and ascertain and designate defects which made it non-conforming with N.J.S.A. 40:75-3 and 4. Upon finding such defects, she was required to return the petition to the person filing it, who could again present it when properly amended.
Having decided that the township clerk could not rule plaintiff off the ballot because he did not meet the two-year residence requirement, the trial court proceeded to determine the issue of residency in a full-scale hearing. Plaintiff claims that this was error: upon finding that defendant Foster had acted beyond her powers, the county judge should have gone no further than granting plaintiff's motion for summary judgment. In effect, what plaintiff argues is that the trial judge, with the commission election scheduled only 19 days later, should have directed that plaintiff's name be put on the ballot and the election held. It would then be time enough for any interested person to bring an action to determine whether plaintiff's candidacy should have been submitted to the electorate. Essentially the same argument was made before the trial judge. Plaintiff urged that the judge limit himself to the pleadings without going into the factual question of residency. The trial judge properly noted that the matter before him involved a public interest: the citizens and residents of Long Beach Township "ought to be able to vote a ballot which is fair on its face." They should not be asked to vote a ballot where the right of a candidate (perhaps the winner) to stand for office would have to be tested in another case. All interested parties being before the court, the judge *461 found that it would serve no useful purpose to postpone the determination of plaintiff's residence in Long Beach Township beyond the May 12 date. In his view, the public interest dictated that a full hearing be held.
We are entirely in accord with the procedure followed by Judge Novins. The policy of our present practice is to avoid multiplicity of suits and to achieve complete justice wherever possible in one court and at one time. It was plaintiff who invoked the prerogative writ procedure, and after the motions for summary judgment had been denied and the trial judge had ruled against his argument that the determination be limited to the pleadings, plaintiff proceeded to a full trial on the merits. He now suggests that it was not fair to hold a full hearing because a candidate might not always be ready to proceed. The fact is that plaintiff obviously was ready to proceed on the merits. He called a number of witnesses and introduced exhibits in evidence.
In his brief and at oral argument plaintiff advanced the contention that he has been denied due process because he was entitled to a jury trial, his in lieu proceedings being in the nature of quo warranto. Such is not the case, for no title to office was in issue. He further claims that since his complaint demanded judgment commanding the township clerk to recognize him as a lawful candidate, the proceedings were in the nature of mandamus, entitling him to a jury trial under R.R. 4:88-2. That rule provides that actions in lieu of prerogative writs shall be tried before a single judge without a jury, "except in any case where a jury trial would have heretofore been available * * *." We consider this matter as having been laid to rest, at least in a setting like this one, by what was said in O'Neill v. State Highway Department, 40 N.J. 326 (1963), reversing the majority opinion in 77 N.J. Super. 262 (App. Div. 1962), and agreeing with the dissent.
We come, then, to the question of whether the trial judge correctly determined that plaintiff did not possess the two-year residence in Long Beach Township required by the statute. Plaintiff claims that he lived at 113 Long Beach *462 Boulevard, in the North Beach section of Long Beach Township, from and after May 9, 1962, having moved there from 228 East 6th Street, Beach Haven, on that date. This being so, he claims that on May 12, 1964, the commission election date, he will have more than fulfilled the two-year residence requirement.
The proofs clearly preponderate against plaintiff's claim and support Judge Novins' determination. His oral opinion, delivered at the close of the hearing, sets out the determinative facts.
Admitted in evidence was a lease of the Beach Haven premises, dated October 17, 1960, for a one-year period, later extended for an additional period of a year to October 17, 1962. Plaintiff himself testified to using those premises after May 12, 1962.
Also in evidence was a contract for plaintiff's purchase of the Long Beach Township property dated May 1, 1962, with possession permitted from that date. The purpose of this latter clause clearly was to permit him to repair the property because of the extensive damage done to the lower part of the building by the March 1962 storm, for the contract of purchase provides that the buyer "warrants to hold seller harmless from any Mechanic's Notices of Intention which may be filed." As a matter of fact, the proofs are clear that repairs were undertaken soon after, in order to make the place habitable. Title to the property passed on June 23, 1962, the deed reciting plaintiff's residence as "227-228 6th Street, Beach Haven." Plaintiff rented his newly acquired property to others in June 1962, and it was occupied by them during the summer. When pressed to answer where he lived during that time, plaintiff gave the vague answer, "Well, some nights I slept in a place in Ship Bottom, and some nights I slept in Beach Haven."
The testimony shows that the Long Beach Township residence telephone was not connected until September 20, 1962. The one at the Beach Haven residence was disconnected on October 5, 1962. Electric service was not provided at the *463 new residence until May 29, 1962; it was terminated at the Beach Haven residence on October 31, 1962.
Plaintiff's voting record was admitted in evidence and showed that he had voted in Beach Haven at the general election held in November 1962. His signature on the "Signature Comparison Record" fully establishes that fact. Indeed, plaintiff makes no real denial of the fact that he voted there at that time, but argues that this alone does not establish that his domicile was in Beach Haven rather than in Long Beach Township. The fact that he voted in the wrong municipality should not, he says, defeat what he claims to be the fact, namely, that his domicile was in the latter place.
In addition to the voting record, there was introduced in evidence a letter from plaintiff to the Ocean County Registration Office, dated November 20, 1962, stating, "I have moved to Long Beach Township, of which is now my perminate residence [sic] as listed above on this letterhead," and he requested that a new registration card be sent him to the new address.
We see no need for going into further detail as to the proofs, for we are fully satisfied that they lead directly to the conclusion that plaintiff was not a resident of Long Beach Township on May 12, 1962, and for some time thereafter. Accordingly, he did not meet the two-year residence requirement.
The judgment is affirmed.