107 N.J. Super. 159 (1969)
257 A.2d 717
STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-APPELLANT,
v.
JOSEPH N. APPLEGATE, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1969.
Decided October 10, 1969.
*160 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Garry J. Roettger, Deputy Attorney General, argued the cause for appellant (Mr. Arthur J. Sills, Attorney General, attorney; Mr. Stephen Skillman, Deputy Attorney General, of counsel).
Mr. Edward W. Haines argued the cause for respondents (Messrs. Haines, Schuman & Butz, attorneys for defendants Applegate).
GOLDMANN, P.J.A.D.
Plaintiff appeals a Law Division judgment awarding defendants $25,000 in condemnation following a jury trial.
On November 10, 1967 the Commissioner of Transportation instituted condemnation proceedings, and on that day filed a declaration of taking and an order for payment into court of the estimated value of the taking, $1,850. That amount was deposited with the clerk of the court. Lis pendens *161 was filed November 13 and defendants received a copy of the declaration of taking on November 17.
The property to be taken is described in an exhibit attached to the complaint. The State sought condemnation of a 45' x 14' strip along Clifton Avenue, running from Route 37, together with a slope easement adjacent thereto ranging from 3' to 6' in depth. The slope easement included the right to top-soil, seed, plant trees, vines and shrubs, and to maintain the same so as to stabilize the soil, prevent erosion and improve the aesthetic aspects of the highway. The description of the strip and slope was contained in the declaration of taking as well as in the lis pendens.
The condemnation commissioners fixed the value of the taking, including damage to the remainder of defendants' property, at $18,000. The State appealed and demanded a jury trial. Just prior to trial counsel for the Commissioner of Transportation moved to amend the complaint, as well as the map attached thereto, by altering the slope easement provision so as to show that defendant owners would have access to and from Clifton Avenue. Defendants opposed the attempted amendment, claiming it had come too late and that the taking had been consummated by the procedures followed by the Commissioner. The judge required the filing of a formal motion. The owners opposed the motion on the grounds just mentioned, as well as for the reason that the only matter to be determined by the jury was the amount the State had to pay for the taking described in the complaint. The motion was denied. The jury trial followed, resulting in an award of $25,000.
On this appeal the State argues that a fair and just settlement required that the State be permitted to amend its complaint to conform to the Commissioner's intent as shown in the detailed construction plan, and "to clear up any possible ambiguity concerning the easement rights being acquired." It argues that amendments are freely given when justice requires, and that in passing upon a motion to amend, *162 the trial judge must exercise sound judicial discretion in light of the factual situation then existing.
The detailed construction plan was never made known to defendants but remained in the files of the Department of Transportation. Although that plan indicated there would be curb cuts which would have allowed ingress and egress to and from Clifton Avenue, neither the plan attached to the complaint nor the description contained in the exhibit attached to that pleading show such cuts. It is obvious that whoever prepared the description did not employ language which would have clearly informed defendants of the curb cuts appearing in the construction plan prepared by the Commissioner.
In the interests of justice, the State should have specified that there would be access from Clifton Avenue. In Mueller v. N.J. Highway Authority, 59 N.J. Super. 583 (App. Div. 1960), this court observed that
Where property is conveyed to or condemned by a governmental authority for general highway purposes, such conveyance or condemnation does not preclude or extinguish the abutting owner's right of access onto that highway unless the taking instrument expressly indicates a contrary intention or unless it can be said that the abutting owner's loss of access rights was within the contemplation of the parties at the time of the taking and was therefore compensated for in the consideration or damage award. [Citations omitted; at 592]
N.J.S.A. 27:7-22, the statute under which the condemnation proceedings were instituted, provides in pertinent part:
Upon the filing of the declaration and the depositing with the clerk of the Superior Court the amount of the estimated compensation as stated in the declaration, the department, without other process or proceedings shall be entitled to the exclusive possession and use of each tract or parcel of property described in the declaration and may forthwith enter into and take possession of said property, it being the intent of this provision that the action to fix the compensation to be paid or any other proceeding relating to the *163 taking of such property or interest therein shall not delay the taking of possession and the use thereof by the department for purposes authorized by this act. The department shall not abandon any condemnation proceeding subsequent to the date upon which it has taken possession of the property as herein provided. [Emphasis added]
This legislation stemmed from the report of the Eminent Domain Revision Commission of April 15, 1965 and was enacted by L. 1965, c. 79, as amended by L. 1966, c. 155.
Defendants argue that, in effect, title passed with the filing of the declaration of taking, the order to pay into court, and payment of the $1,850 to the clerk. The basis for this claim is the Eminent Domain Revision Commission report just mentioned which, in paragraph 7, stated that the Commission recommended that title pass to the condemning agency upon the earliest of four certain events, the second being the date of filing of the declaration of taking. The defect in this reasoning is that the statute contains no such provision. We observe that the Federal Condemnation Act, 40 U.S.C.A. § 258a, expressly so provides. That statute was enacted in 1931 and long pre-existed N.J.S.A. 27:7-22. The New Jersey legislation did not embrace the federal provision nor carry out the recommendation of the Eminent Domain Revision Commission.
N.J.S.A. 27:7-22, quoted above, states that the Department of Transportation "shall not abandon any condemnation proceeding subsequent to the date upon which it has taken possession of the property * * *." Defendants admit that the Department has not yet taken possession; they still have access to their gasoline station from Clifton Avenue. In light of this fact and the particular circumstances attending this case, plaintiff should have been allowed to amend the complaint and its accompanying description and map.
Accordingly, we conclude that the matter should be remanded to the condemnation commissioners who, following an amendment of the complaint, description and map, shall consider anew the value of the taking and the damage to defendant's remaining property. In view of the fact that *164 defendants have been put to an unnecessary expense, plaintiff is to pay defendants the costs incurred on this appeal. We do not retain jurisdiction.