HOUSING AUTHORITY OF THE CITY OF ATLANTIC CITY, A BODY CORPORATE AND POLITIC, PLAINTIFF-APPELLANT, v. ATLANTIC CITY EXPOSITION, INC., DEFENDANT-RESPONDENT.

Argued December 5, 1972—Decided March 19, 1973.

Mr. *Isaac C. Ginsburg* argued the cause for appellant (*Messrs. Feinberg and Ginsburg,* attorneys; *Mr. Ginsburg,* on the brief).

Mr. *Donald G. Targan* argued the cause for respondent.

The opinion of the Court was delivered by

MOUNTAIN, J. This is a condemnation case in which plaintiff, the Housing Authority of the City of Atlantic City, condemned a piece of property owned by defendant, Atlantic City Exposition, Inc. The condemnor appealed from the commissioners' award. *R.* 4:73–6. At the trial *de novo* in the Law Division of the Superior Court, *N. J. S. A.* 20:3–13(b),[1] the commissioners' award of $265,000 was reduced

---

[1] This provision, part of the "Eminent Domain Act of 1971," *N. J. S. A.* 20:3–1 *et seq.,* merely restates the earlier law, in effect at the time of the proceedings here under review, that the appeal to the Superior Court is a trial *de novo. State v. New Jersey Zinc Co.,* 40 *N. J.* 560, 573 (1963).

to $224,238.74. The landowner then appealed to the Appellate Division. That court, in an unreported opinion, reversed and remanded the case for a new trial. We granted the Housing Authority's petition for certification. 61 *N. J.* 163 (1972).

Plaintiff is a municipal housing authority created pursuant to the Local Housing Authorities Law, *N. J. S. A.* 55: 14A–1 *et seq.,* and as such possesses the power of eminent domain. *N. J. S. A.* 55:14A–10. Defendant was the owner of a tract of land in Atlantic City facing the boardwalk on the south and having a frontage along its easterly sideline of 223 feet on South Georgia Avenue. Defendant's title extended 25 feet easterly from the sideline to the center line of South Georgia Avenue, subject to the public easement for roadway purposes.

The land was designated a blighted area, *N. J. S. A.* 40: 55–21.1 *et seq.,* and was included within a renewal project to be undertaken by the Housing Authority. On November 30, 1966 the Authority published a Land Acquisition Map showing the parcel in outline and designating it as "Property to be Acquired for Clearance and Redevelopment." The 25-foot strip forming the westerly half of the roadbed of South Georgia Avenue was delineated and described as "Property to be Acquired by Reversion." The complaint in condemnation was filed October 17, 1968, followed by a declaration of taking on November 5 of the same year. In each of these documents the verbal description of the tract to be condemned ran only to the sideline of South Georgia Avenue; it did not carry to the center line of the road. On January 4, 1969 the municipality adopted an ordinance vacating South Georgia Avenue from the boardwalk on the south to Pacific Avenue on the north. This of course included the 25-foot strip along the easterly sideline of defendant's property.

The trial judge ruled that the 25-foot strip of road-bed had no value, burdened as it was with a public easement at the time of taking, and that the then contemplated vacation

of the street, which would leave the strip unencumbered and free of the public right of way, did not afford an additional element of value to which defendant was entitled. Upon this last point, the Appellate Division reversed, citing *State v. Gorga*, 26 *N. J.* 113 (1958).

This appeal presents essentially two issues: first, was the description of the property contained in the complaint and repeated in the declaration of taking sufficient to warrant the inclusion of the 25-foot strip in the land to be condemned, and second, was defendant entitled to have considered as an additional element of value the known fact that South Georgia Avenue was about to be vacated?

■ The rule is of course well settled that a description of property appearing in a deed which carries only to the sideline of a road, will be sufficient, upon execution and delivery of the deed, to convey title to the center line of the road, assuming the grantor to have had such title. To defeat this result there must be express words in the conveyance showing clearly the intention of the parties that the property to be conveyed does not extend beyond the sideline of the highway. *Haven Homes v. Raritan Tp.*, 19 *N. J.* 239, 244–245 (1955); *Salter v. Jonas*, 39 *N. J. L.* 469 (E. & A. 1877); *Brill v. Eastern New Jersey Power Co.*, 111 *N. J. L.* 224 (E. & A. 1933); Stevenson, "Law of Streets and Sidewalks in New Jersey," 3 *Rutgers L. Rev.* 19, 21–22 (1949).

■■ Applying this rule to the case before us would seem to lead to the conclusion that the description here used by the condemnor was sufficient to include the 25-foot strip in South Georgia Avenue. The only difficulty arises from the case of *National Docks Ry. Co. v. United New Jersey R. R. Co.*, 52 *N. J. Eq.* 366, 376–378 (Ch. 1894), aff'd 52 *N. J. Eq.* 552, 555 (E. & A. 1894). The plaintiff in that case had brought an earlier condemnation action against the defendant in which it had described the parcel it there sought to condemn as running to and along the northerly sideline of Railroad Avenue in Jersey City, rather than as extending to the center line of that highway. At the conclusion of the

condemnation proceedings plaintiff sought to go forward with the construction of a tunnel for which purpose the land had been acquired, and it attempted to commence work on the strip of land which had been the northerly half of Railroad Avenue. The defendant refused to permit the work to proceed, and the case cited above was instituted. Plaintiff there sought to enjoin defendant from obstructing its use of the property; defendant counterclaimed to enjoin plaintiff from entering upon the land for its intended purpose, arguing that the description in the earlier condemnation suit had been insufficient to include this strip. The court agreed with the defendant, the injunction issued and plaintiff was thereafter required to undertake a second condemnation action to acquire title to this portion of the former roadbed. *Penna. R. R. Co. v. National Docks Ry. Co.*, 53 *N. J. Eq.* 178, 182 (Ch. 1895). The Vice Chancellor cited *Salter v. Jonas, supra,* and pointed out that the rule there announced, which we have set forth above, was intended to reflect the intention of the parties and that this was indeed the very reason for its existence. In a condemnation proceeding, he observed, the landowner does not *intend* to relinquish any more than he must. It is a taking *in invitum.* 52 *N. J. Eq.* at 377. Accordingly he felt the general rule should not apply, and the condemnor should be held to have acquired only that property lying strictly within the words of his description. The Court of Errors and Appeals affirmed the decree of the Court of Chancery but upon quite different grounds. The case seems never to have been later cited for the rule announced. We do not find the reasoning of the court persuasive. It is doubtless true that in many cases a forced taking is against the will of the landowner, but this seems no reason to create an exception to an otherwise well recognized and sensible rule of conveyancing. In most cases an attorney for a condemnor adopts the description appearing in the deed to the then present owner of the premises to be condemned, and incorporates it in his complaint. Were we to approve the rule laid down in *Na-*

*tional Docks Ry. Co., supra,* it certainly would result in many title problems, nor do we see that it possesses any special merit. A condemnor will normally expect to acquire title to the center line of a highway and a landowner will have little interest in retaining a strip of land forming part of a roadbed. We believe the doctrine of that case never to have been generally accepted. Were it indeed the law, it would be but a trap for the unwary. We hold that a description of property set forth in a complaint, declaration of taking or other like pleading in a condemnation action, which by its terms carries only to the sideline of a road, will be held to embrace the condemnee's title to the center line of the roadbed to the same extent as if the description had appeared in a deed from the condemnee to the condemnor. We further believe that this has at all times been the law of our State. The expressions in *National Docks Ry. Co., supra,* to the contrary are disapproved. Accordingly, the description of the premises employed by the plaintiff in this case was adequate to include as a part of the taking the 25-foot strip forming part of the roadbed of South Georgia Avenue.

What we have said is not to be taken as indicating any change in the very basic rule that the land to be condemned must be described with such certainty as to leave no room for doubt or misapprehension as to the land actually to be taken. Failure in this respect is a violation of substantive due process and will vitiate the proceedings. *National Docks, etc., Co. v. United Companies,* 53 *N. J. L.* 217, 226–227 (E. & A. 1890) ; *Vail v. Morris & Essex R. R. Co.,* 21 *N. J. L.* 189, 191 (Sup. Ct. 1847) ; *Winter v. Telephone Co.,* 51 *N. J. L.* 83 (Sup. Ct. 1888)

This brings us to the second issue in the case. As mentioned above, the Appellate Division reversed the judgment of the trial court upon the ground that *State v. Gorga, supra,* 26 *N. J.* 113 (1958), applied and was controlling. *Gorga* held that "if as of the date of taking there is a reasonable probability of a change in the zoning ordinance

[applicable to the premises to be condemned] in the near future, the influence of that circumstance upon the market value as of that date may be shown." 26 *N. J.* at 116. Defendant argues that everyone knew South Georgia Avenue was to be vacated, that upon such vacation the full beneficial use of the 25-foot strip would become available to defendant as owner, since its fee interest would then no longer be encumbered with a right of public passage and that this eventuality, the prospect of which seemed reasonably certain, afforded an additional element of value which it was justly entitled to have considered in determining fair compensation. It is true that all knew the vacation was imminent, but the conclusions therefrom urged by defendant do not follow. The vacation of South Georgia Avenue was part and parcel of a proposed scheme of urban renewal. The Housing Authority planned to acquire all of defendant's property as well as other contiguous and nearby parcels, and then erect upon the whole an addition to the municipal Convention Hall, which is located at the southeast corner of the boardwalk and South Georgia Avenue, directly across the street from defendant's property. It is apparent that the vacation was never intended to take place, and never would have taken place, so long as title to the roadbed of South Georgia Avenue was in anyone other than the Housing Authority. There was no way in which any beneficial enjoyment of the roadbed could have redounded to defendant's benefit or that of its grantee. Hence the strong likelihood of the vacation of the road would in no way have enhanced the value of defendant's property in the eyes of a prospective purchaser. The rule set forth in *Gorga* is directed and confined to those situations where an anticipated change in land use controls, applicable to the property in question, will enhance the value of the property in some dollar amount. Such is clearly not the case here.

Another and somewhat similar reason leads to the same result. In *Jersey City Redevelopment Agency v. Kugler*, 58 *N. J.* 374 (1971) this Court considered the effect in

a subsequent condemnation case of an earlier announcement by a public agency that a public improvement was planned for a particular location. It was there held, in an opinion for the Court written by Justice Francis, that any diminution or enhancement in value provoked by the announcement must not be charged against or credited to the landowner in the later eminent domain proceedings.

The rule supported by the weight of authority in the ordinary condemnation case is that the proper basis of compensation is the value of the property as it would be at the time of the taking (or at the time fixed by the statute, such as the date of commencement of the condemnation proceedings) disregarding either the depreciating threat of or the inflationary reaction to the proposed public project. [58 N. J. at 379]

It must of course follow that anything done pursuant to the announcement of such a public improvement, and in implementation thereof—as in this case the vacation of South Georgia Avenue—will be equally irrelevant upon the issue of fair value. Improvements or changes contemplated by the condemning authority and undertaken at its expense cannot be taken into account in determining just compensation. The proposed vacation—an element of the intended public improvement—falls clearly within this category. See also *State v. Jones*, 27 N. J. 257, 262–263 (1958).

The judgment of the Appellate Division is reversed and that of the trial court is reinstated.

*For reversal*—Chief Justice WEINTRAUB, Justices JACOBS, HALL and MOUNTAIN, and Judges CONFORD, SULLIVAN and LEWIS—7.

*For affirmance*—None.