124 N.J. Super. 295 (1973)
306 A.2d 479
STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-APPELLANT,
v.
ISADORE D. ORENSTEIN, ET AL., DEFENDANTS-RESPONDENTS, AND RAMY REALTY, INC., A CORPORATION OF NEW JERSEY, INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 6, 1973.
Reargued May 15, 1973.
Decided June 19, 1973.
*296 Before Judges KOLOVSKY, MATTHEWS and CRAHAY.
Mr. G. Frederick Blazure, Deputy Attorney General, argued the cause for appellant (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney; Mr. Alfred L. Nardelli, Deputy Attorney General, of counsel).
*297 Mr. Nicholas Martini argued the cause for respondents Orenstein and intervenor-respondent Ramy Realty, Inc. (Mr. Sam Weiss, of counsel).
The opinion of the court was delivered by KOLOVSKY, P.J.A.D.
Plaintiff appeals from the judgment entered on a jury verdict after trial of an appeal from an award made by condemnation commissioners. As recited in the judgment, the jury found that defendants Orenstein were entitled to $71,000 "for the lands taken by" plaintiff and the "damages resulting from such taking to the remaining [Orenstein] property," and that the intervening-defendant, Ramy Realty, Inc., was entitled to $25,000 "for the decrease in the value of the Ramy Realty, Inc. property as a result of the taking."
The complaint, filed by plaintiff in the exercise of its power of eminent domain, sought to obtain title in fee simple to a specifically described part of a tract owned by defendant Isadore D. Orenstein and other property rights in the remaining part of the Orenstein tract. It prayed the appointment of commissioners "to fix the compensation to be paid for the taking of the lands and premises hereinbefore described, including the damages, if any resulting from the taking, to any remaining property."
Consistent with "substantive due process," Housing Authority, Atlantic City v. Atlantic City Expo., 62 N.J. 322, 328 (1973), the description in the complaint of the lands and property rights to be taken was definite and certain. The description embraced an area of about 9,765 square feet as well as slope rights and the right to construct and maintain a subsurface drain and appurtenances in Orenstein's remaining lands, all as delineated on an attached map. Further, the proposed taking included, with a stated exception, "the owner's right of direct access to and from the Freeway."
The description embodied in the complaint was  and should have been treated by the trial court to be  of controlling significance since it is settled, as stated in State v. New Jersey Zinc Co., 40 N.J. 560 (1963), that:
*298 [T]he only issue to be determined by the commissioners and by the fact finder in event of appeal is the lump sum compensation to be paid by the condemnor, * * * plus any damages to the remaining property of the owner if the taking is only a part thereof * * *. [at 573, emphasis added]
Fundamental fairness and the governing statute mandate that the factfinder be limited to that one issue since the condemnor will obtain, by virtue of the condemnation proceedings, title only to the land and property rights described in the complaint. N.J.S.A. 20:1-12 (now repealed), N.J.S.A. 20:3-6 and N.J.S.A. 20:3-19; Housing Authority, Atlantic City v. Atlantic City Expo., supra; Vail v. Morris & Essex R.R. Co., 21 N.J.L. 189, 196 (Sup. Ct. 1847); Winter v. Telephone Co., 51 N.J.L. 83, 84-85 (Sup. Ct. 1888); State v. Applegate, 107 N.J. Super. 159 (App. Div. 1969); cf. Northern R.R. Co. v. Demarest, 94 N.J.L. 68 (Sup. Ct. 1919).
If there are any issues to be decided other than that of value and damages  be they a challenge to the plaintiff's right to exercise the power of eminent domain or a claim that the condemnor is in fact taking more property and rights than those described in the complaint  those issues must be presented to and decided by the court before it enters judgment appointing condemnation commissioners. State v. New Jersey Zinc Co., supra, 40 N.J. at 572; N.J.S.A. 20:1-2 (now repealed); N.J.S.A. 20:3-5 and 11; see also, State v. Applegate, supra.
In view of these settled rules, it was error for the trial court, over the objection of plaintiff:
(1) To permit defendant Orenstein and a surveyor called by him to testify that plaintiff's taking included, in addition to what was described in the complaint, a right of way easement appurtenant to the Orenstein property over lands to the south which had been owned by one Preiskel, the easement area embracing a parcel of land, adjacent to the Orenstein property, 24.24 feet wide and 100 feet deep, extending from the easterly side of River Drive to the Passaic River, as *299 well as an adjacent area to the south fronting 40 feet on Passaic River and running approximately 34 feet deep.
(2) To charge the jurors that if they found "that Orenstein suffered damages by the result of the taking away of [the easement over the Preiskel property] or by anything that the State did that destroyed that easement, [they] should award damages as a result thereof and in accordance with the testimony before [them]."
It was not for the jury to determine whether or not the State's taking also included the alleged Orenstein easement over the Preiskel property. (The easement was created in the deed dated March 11, 1958 by which Preiskel conveyed to Mr. Orenstein the property now owned by him.) Orenstein's contention that the taking did include that easement should have been presented to the court before the entry of the judgment appointing commissioners. If the court, after a trial without a jury, O'Neill v. State Highway Dept., 40 N.J. 326, 329 (1963), found in Orenstein's favor, it would have been called upon to enter an order directing plaintiff to amend the complaint to include the easement in the description of the land and property rights being condemned. Only if that had been done would it have been proper for the court to tell the jury that they should consider the value of the easement over the Preiskel property in determining the compensation to which Orenstein was entitled.
The court should not have permitted the issue of the alleged taking of the easement over the Preiskel property to be interjected into the case at a jury trial which was concerned only with the admeasurement of damage.
(The prejudicial effect of the error is compounded here because it now appears  although the attorney who represented the State at the jury trial in December 1971 was unaware thereof  that in June 1967, when Preiskel conveyed a portion of his property, including most of the aforementioned easement area, to the State, Mr. Orenstein had by deed dated June 9, 1967 also conveyed to the State "all right, *300 title and interest that [he might] have by reason of a perpetual easement for a driveway etc. over a portion of [the tract conveyed by Preiskel to the State] granted" in the deed from Preiskel to Orenstein dated March 12, 1958.)
It is therefore apparent that the judgment, insofar as Orenstein is concerned, must be reversed and the cause remanded to the trial court. The court should determine before entry of a new judgment appointing condemnation commissioners whether any property rights of Orenstein other than those described in the complaint have been taken by the plaintiff, not by deed but by condemnation.
We turn now to a consideration of the award made to Ramy Realty, Inc. (Ramy), the owner of lands adjoining the Orenstein property on the north.
While the matter was pending before the condemnation commissioners theretofore appointed, Orenstein filed a motion seeking, alternatively, an order compelling plaintiff to file an amended complaint adding Ramy, a corporation controlled by Orenstein, as a party defendant, or an order permitting Ramy to intervene. In the moving papers it was contended that Ramy's property had been deprived of an access easement over the Orenstein property by reason of plaintiff's taking of part of that property, and that Ramy was entitled to compensation by reason of the destruction of its alleged easement.
The court, over plaintiff's objection, entered an order granting Ramy leave to intervene as a party defendant and
to seek a determination in these proceedings before the condemnation commissioners as well as the Superior Court and jury in the event of an appeal as to whether there is a taking within the contemplation of law as to the buildings and lands owned by Ramy Realty, Inc. and if so, of the damages if any, sustained by the lands and premises of said Ramy Realty, Inc. and seeking an award for such damages as may be determined herein in addition to any damages or awards which may be awarded and made to the defendants, Isadore D. Orenstein and Ray Orenstein, his wife.
*301 The court erred in entering the order. It was not the function of either the condemnation commissioners or the jury to decide what property had been taken. Their function was limited to a determination of the compensation to be made for the takings described in the complaint.
The question whether there had been a "taking" was one for resolution by the court, after a trial before it without a jury, O'Neill v. State Highway Dept., supra, in proceedings in lieu of the prerogative writ of mandamus to be instituted by Ramy. In such a proceeding the court would make a factual finding as to whether or not the Ramy property included, as an appurtenance thereto, an access easement over the Orenstein property.
If the court found that the asserted access easement did exist, then  since it is uncontradicted that the construction of a road over the servient estate, the Orenstein property, destroyed the alleged easement  the court would be obligated to rule that there had been a taking of an interest in, or a property right attached to, the Ramy tract for which Ramy is entitled to be compensated. Mueller v. N.J. Highway Authority, 59 N.J. Super. 583, 589-590 (App. Div. 1960); Tubular Service Corp. v. Comm'r, State Highway Dept., 77 N.J. Super. 556, 562 (App. Div. 1963), aff'd o.b. 40 N.J. 331 (1963). In such event, the court would enter a judgment ordering the State to institute proceedings to condemn and pay compensation for the property rights so taken. Cf. Haven Homes v. Raritan Tp., 19 N.J. 239, 241 (1955); O'Neill v. State Highway Dept., supra.
If such a judgment were entered, the State would be required either to file a separate complaint against Ramy for condemnation of its access easement or, alternatively, to amend the complaint in the Orenstein action by adding a second count against Ramy embodying a description of the access easement taken. The joinder would be permissible, cf. N.J.S.A. 20:3-7, but there still would have to be a separate award as to each count. N.J. Turnpike Auth. v. Jersey City, 36 N.J. 332, 336 (1962).
*302 We therefore conclude that the judgment in favor of Ramy must be reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.
For the guidance of the trial court, we add that we do not agree with plaintiff's contention that even if Ramy establishes the existence and later destruction of its alleged access easement, still it would not be entitled to a separate award therefor and would be limited to seeking its compensation out of the lump sum awarded with respect to the Orenstein property. State v. New Jersey Zinc Co., 40 N.J. 560, 574 (1963), and Herr v. Board of Education, 82 N.J.L. 610, 613 (E. & A. 1911), on which plaintiff relies, are clearly distinguishable. Those cases would be pertinent if the taking of the access easement were a taking of part of the Orenstein property. In fact it was not, for when  and if  the easement was created, it was "carved out" of the Orenstein property and became part of the dominant estate, the Ramy property, so that a taking thereof constituted a taking of property rights in the Ramy property for which compensation must separately be made. Jahr, Eminent Domain, Valuation and Procedure, § 160 at 251 (1953); United States v. Welch, 217 U.S. 333, 30 S.Ct. 527, 54 L.Ed. 787 (1910); see also, Metropolitan Life Ins. Co. v. McGurk, 119 N.J.L. 517, 518 (E. & A. 1937); Ehren Realty Co. v. Magna Charta B. & L. Ass'n, 120 N.J. Eq. 136 (Ch. 1936).
The rule is thus expressed in Jahr, supra:
If land burdened with an easement is taken by eminent domain, the owner's measure of damage is the market value of the land as affected by the easement. The easement itself attaches to the land of the owner of the dominant fee and is appurtenant to his land, and must be valued with reference to it and not as though the easement constituted a separate entity. The owner of the dominant estate must be compensated for the value of the easement taken from him and the measure of damage is the difference in the market value of the dominant estate with the easement and its value without the easement.
Reversed and remanded.