**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2438-24

STATE OF NEW JERSEY, by the
DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

     Plaintiff-Appellant,

v.

2.150-ACRES OF LAND IN THE
BOROUGH OF POINT PLEASANT
BEACH, OCEAN COUNTY, NEW
JERSEY, BAYHEAD POINT
HOMEOWNERS ASSOCIATION,
INCORPORATED, fee owner, and
COUNTY OF OCEAN, a body
corporate and politic of the
State of New Jersey,

     Defendants,

and

JOHN ROBERT SCADUTO and
DEBRA SCADUTO, ANTHONY
D'AURIA and DEBORAH D'AURIA,
MARK CURCIO and BARBARA
CURCIO, ROBERT HARKINS,
SANDBOX PROPERTIES, LLC,
STEPHEN P. ROMA and MARY

ROMA, RICHARD COLAVITA and
ANNE COLAVITA,

     Defendants-Respondents.

_____

Argued November 5, 2025 – Decided November 24, 2025

Before Judges Firko, Perez Friscia, and Vinci.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-3574-15.

Christine A. Roy argued the cause for appellant (Rutter & Roy, LLP, attorneys; Heather N. Oehlmann, Christine A. Roy, and Richard G. Scott, on the briefs).

John J. Reilly argued the cause for respondents (Bathgate, Wegener & Wolf, PC, attorneys; Daniel J. Carbone and John J. Reilly, on the brief).

PER CURIAM

On leave granted, plaintiff the New Jersey Department of Environmental Protection (DEP) appeals from the February 28, 2025 Law Division order denying its motion for summary judgment dismissal of the claims brought by defendants John Robert Scaduto and Debra Scaduto, Anthony D'Auria and Deborah D'Auria, Mark Curcio and Barbara Curcio, Robert Harkins, Sandbox Properties, LLC, Stephen P. Roma and Mary Roma, and Richard Colavita and Anne Colavita (collectively the HOA members) related to the DEP's taking of

2

beachfront property under the Eminent Domain Act (the Act), N.J.S.A. 20:3-1 to -50.  Having reviewed the record, parties' arguments, and applicable law, we affirm.

I.

In our de novo review of this matter, we incorporate the facts and procedural history as set forth in our prior published opinion.  See Scaduto v. State, 474 N.J. Super. 427, 431-47 (App Div. 2023).  Further, we review the facts established in the summary judgment record in the light most favorable to the HOA members, the non-moving parties.  Padilla v. Young Il An, 257 N.J. 540, 547 (2024).

The HOA members belong to co-defendant the Bayhead Point Homeowners Association, Inc. (Association).  The Association owns in fee simple a two-and-a-half-acre beach lot in the Borough of Point Pleasant Beach. Scaduto, 474 N.J. Super. at 431.  The HOA members possess access and recreational easements across the Association's beach lot.  Id. at 431-32.  The DEP successfully acquired a Storm Damage Reduction Easement (storm reduction easement) across the beach lot in this condemnation action.  Id. at 432.

The central issues in this matter return to us after we affirmed, in a related inverse condemnation appeal, a different trial court's (second court) order

granting the DEP's motion to dismiss the HOA members' claims for damages under the entire controversy doctrine. Id. at 431.

The HOA members own seven of twenty-two lots within the Association near or along beach lot. "According to the Association's Declaration of Covenants and Restrictions [(Declaration)], each of the [HOA members], as owners of one of the . . . 'Lots and their assigns, . . . successors, . . . grantees, . . . shall have a perpetual, non-exclusive easement for recreational purposes in, upon[,] and across the Beach.'" Id. at 431-32. Pursuant to the Declaration, the HOA members also hold an unobstructed, non-exclusive right to access the beach lot. Id. at 432. The Declaration also provides that certain "Owners . . . share equally in the maintenance, repair[,] and construction of" additional walkways and platforms. The Association is required to maintain at least one constructed "timber walkway."

In December 2015, the DEP filed before the trial court (first court) a condemnation action under the Act against the Association, seeking to acquire a storm reduction easement on the Association's beach lot. Ibid. "[A]fter Superstorm Sandy," the DEP initiated the "Storm Damage Reduction Project" to create "a dune and berm system in northern Ocean County stretching from Berkeley Township to Point Pleasant Beach." Ibid. The DEP recognized in its

condemnation complaint that the Association was the fee owner of the beach lot and the HOA members had "an interest in the subject property" which was affected by the DEP's "taking the [s]torm . . . [r]eduction [e]asement." Ibid.

The Association filed an answer and asserted that the HOA members had separate claims. On August 26, 2016, the first court entered the DEP and Association's consent order, memorializing that the HOA members "shall be entitled to present evidence relating to claims for severance damages only, allegedly caused . . . by the [DEP]'s taking of" the Association's beach lot. The consent order included the HOA members' reservation of rights to pursue claims before the court-appointed condemnation commissioners and to timely appeal the decision. The DEP retained the right to challenge the HOA members' claims. The DEP never filed an amended complaint naming the HOA members affected by its taking despite recognizing the HOA members' rights to present their claims before the appointed commissioners.

On September 15, 2016, the first court entered final judgment in favor of the DEP's taking of a storm reduction easement and appointed commissioners "to examine the land" and "fix the compensation to be paid for the rights and interests acquired . . . from [the] acquisition." The commissioners issued their report in 2019, and the DEP filed a notice of appeal from the award and a jury

A-2438-24

demand. Id. at 434. The Association and the HOA members separately cross-appealed before the first court. Ibid.

On October 2, 2020, the HOA members filed seven separate inverse condemnation complaints against the DEP before the second court. The DEP thereafter moved to consolidate the HOA members' complaints; and for summary judgment, arguing the claims were barred under the entire controversy doctrine. The HOA members opposed the motion and cross-moved for partial summary judgment, requesting the second trial court (second court) find the DEP conducted a taking of their recreational easements.

After the second court granted the DEP's motion, the HOA members moved for reconsideration. Id. at 435. The second court issued an order accompanied by a written decision, finding dismissal was appropriate under the entire controversy doctrine because the HOA members had the perfected right to seek severance damages in the Association's present condemnation action and that permitting "piecemeal litigation" had the "potential [for] inconsistent results." The second court was further unpersuaded by the HOA members' argument that the DEP had completed a taking of their recreational easements warranting a separate action. Regarding the recreational easement argument, the second court determined the HOA members' "easements were preserved

6

notwithstanding the [DEP's] taking," which was subject to the HOA members' easements.

The HOA members appealed the second court's order granting the DEP summary judgment dismissal of their claims with prejudice. We affirmed the order dismissing the HOA members separate inverse condemnation complaints under the entire controversy doctrine because their claims were perfected in this action. Id. at 431. In affirming the second court's dismissal of the inverse condemnation action under the entire controversy doctrine, we held the HOA members had the perfected right in the present action to seek "separate awards for just compensation for the loss of value to their homes, if any, resulting from the DEP's exercise of eminent domain as to the beach lot owned by their Association." Ibid. Stated another way, we agreed with the second court that the HOA members' rights were "fully protected through their participation in th[is] . . . condemnation action." Ibid.

We explained that the 2016 consent order memorialized that the DEP alleged the HOA members were interested parties with affected easement rights, and the HOA members are entitled to pursue claims for severance damages caused by the DEP's taking of the beach lot. Id. at 432-33, 437. Further, we observed the DEP did not dispute the HOA members had access and recreation

7

easements on the condemned beach lot and that it had condemned the property subject to their easement rights. Id. at 436.

After we affirmed the second court's dismissal of the inverse condemnation action, the parties entered an agreement in this action to bifurcate the HOA members' claims from the Association's claims. The parties agreed that the Association's bifurcated claim would proceed first without the HOA members' participation; therefore, the HOA members presented no evidence in the Association's trial.

The first court presided over the DEP and Association's jury trial, which resulted in the Association obtaining a favorable verdict of $465,000 plus interest, totaling $632,780. The DEP thereafter satisfied the judgment.

On May 14, 2024, the HOA members moved before the first court to: reopen this condemnation action to permit them to proceed on their bifurcated severance damages claims; order the DEP to file an amended complaint naming the HOA members; and issue a scheduling order, including dates for appraisal reports. The first court granted the motion and set a trial date.

On December 20, the DEP moved for summary judgment dismissal of the HOA members' claims, which they opposed. The first court issued an order accompanied by an oral decision denying the motion. It found the HOA

8

members "are entitled to seek compensation from a jury based on the loss in value of their . . . fair market value in their homes because of a reduction based upon the severance damages [suffered] as a result of no longer having that recreation easement advantage."  The first court noted the HOA members alleged a detrimental impact on their properties because the DEP's project raised the dune height, which encumbered their ocean views from the existing "viewing platforms."  The DEP thereafter moved for leave to appeal, which we granted.

On appeal, the DEP contends the first court's denial of its summary judgment motion seeking the dismissal of HOA members' damages claims warrants reversal because:  there "have been two prior adjudications that the members' individual property interests were not taken"; the condemned beach lot was not a taking and the HOA members' recreational easement was not destroyed; and the HOA members "cannot show a unity of ownership between their properties."  Alternatively, the DEP argues the HOA members' rights merged with the Association's, warranting a remand under the "unit rule" for an allocation hearing to address the DEP's "already paid severance damages."

II.

Our review of a trial court's summary judgment decision is de novo. DeSimone v. Springpoint Senior Living, Inc., 256 N.J. 172, 180 (2024).  "The

court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). "An issue of fact is genuine only if . . . the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." R. 4:46-2(c). "Rule 4:46-2(c)'s 'genuine issue [of] material fact' standard mandates that the opposing party do more than 'point[] to any fact in dispute' in order to defeat summary judgment." Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (alterations in original) (first quoting R. 4:46-2(c); and then quoting Brill, 142 N.J. at 529). To rule on summary judgment, courts must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007)).

When a public entity "takes private property for a public use, the property owner is entitled to 'just compensation' under our State and Federal

Constitutions." Borough of Harvey Cedars v. Karan, 214 N.J. 384, 388 (2013) (citing U.S. Const. amend. V and N.J. Const. art. IV, § 6, ¶ 3). In a condemnation action, the parties are to include the "record owner, the occupant, if any, such other persons appearing of record to have any interest in the property and such persons claiming an interest therein as are known to the plaintiff." R. 4:73-2. N.J.S.A. 20:3-6 provides that whenever a public entity "shall have . . . acquire[d] property" through "the condemnation of such property[,]" "the compensation to be paid therefor, and to whom payable, and all matters incidental thereto and arising therefrom[,] shall be governed, ascertained and paid by and in the manner provided by this [Act]."

"In condemnation cases, severance damages are awarded only when there is a partial taking of a parcel of realty, the uncondemned parcel and the condemned parcel are functionally integrated, and there exists a unity of ownership." Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 150 (App. Div. 2007) (citing Hous. Auth. of Newark v. Norfolk Realty Co., 71 N.J. 314, 321-22 (1976)). N.J.S.A. 20:3-29 provides that a condemnee is "entitled to compensation for the [condemned] property, and damages, if any, to any remaining property."

A-2438-24

The Supreme Court has elucidated that "[j]ust compensation is a function of the value of the property in light of its highest and best use, which is ordinarily evaluated in accordance with current zoning ordinances." Borough of Saddle River v. 66 E. Allendale, LLC, 216 N.J. 115, 119 (2013). Fair market value is generally understood to be the "value that would be assigned to the acquired property by knowledgeable parties freely negotiating for its sale under normal market conditions based on all surrounding circumstances at the time of the taking." State by Comm'r of Transp. v. Caoili, 135 N.J. 252, 260 (1994) (quoting State by Comm'r of Transp. v. Silver, 92 N.J. 507, 514 (1983)). "Just compensation generally does not include losses or costs that are incidental to a taking . . . . These items are generally held not to be directly attributable to the realty, but rather peculiar to the owner." State by Comm'r of Transp. v. Cooper Alloy Corp., 136 N.J. Super. 560, 568 (App. Div. 1975).

### III.

We first address the DEP's contention that the first court erred in denying summary judgment because "there have been two prior adjudications that the [HOA] members' individual property interests were not taken." The DEP specifically argues we affirmed the second court's order dismissing the HOA members' inverse condemnation claims because no HOA members' "property

12

interests . . . were taken." Relatedly, the DEP asserts that the HOA members are therefore foreclosed from claiming severance damages in the present matter. A review of the record demonstrates the DEP's argument is misplaced. We affirmed the second court's dismissal of the HOA's inverse condemnation action under the entire controversy doctrine, because the DEP's taking of the beach lot for the storm reduction easement did not "destroy" the HOA member's recreational easement and their claims were perfected in this action.

Relevantly, the HOA members had argued on appeal that their inverse condemnation claims were dismissed by the second court in error because State by Commissioner of Transportation v. Orenstein entitled them to file a separate action for the DEP's taking of their easement rights. 124 N.J. Super. 295 (App. Div. 1973). We concluded that the Association's recorded Declaration provided the HOA members "with two distinct easements: the right of ingress and egress to the beach via the walkway"; "and 'a perpetual, non-exclusive easement for recreational purposes in, upon and across the [b]each [lot].'" Scaduto, 474 N.J. Super. at 436. We also determined that the second court had correctly recognized the separate easements and did not "conflate[ the HOA members'] easement right to cross the dune with 'their separate easement right to use the private beach for recreation.'" Id. at 435-36.

The DEP ignores that we concluded the HOA members had preserved the right to seek severance damages claims for the diminution in their property values caused by the DEP's taking of the Association's beach lot for the storm reduction easement, which impacted the HOA members' easements. The HOA members failed to demonstrate entitlement to a separate inverse condemnation action as there was no destruction of their recreational easements. We concluded the HOA members lacked exclusive use of the recreational easements, according to both the Declaration and Association's 2005 settlement agreement with the State of New Jersey. The Association had reserved the "right to operate its property commercially." Stated another way, the HOA members' inverse condemnation claims were subject to dismissal because their recreational easements did not provide "exclusive use of the beach" and they had an adequate remedy presented in this action.

We also determined that the DEP's "partial taking, including public access and use in the expanded beach lot," did not change the character of the HOA members' "non-exclusive recreation easements by depriving them of 'the right to recreation on a private beach restricted to members of the Association.'" Id. at 444-45. The HOA members' "recreation easements did not provide them the right to a private beach." Id. at 444. We instructed:

> [The HOA members] are free to argue in the condemnation action that they are entitled to severance damages because the [DEP's] partial taking reduced the value of their homes by impairing their appurtenant easements in the Association's beach lot, [but] they may not mislead the jury as to the extent of those easements prior to the taking.
>
> [Ibid.]

We confirmed it is for a jury to decide whether the HOA members are entitled to damages. See id. at 446-47.

> [T]o determine just compensation to [the HOA members] by calculating the fair market value of their properties with their non-exclusive recreation easements immediately before the taking and the fair market value of [their] properties with those same non-exclusive recreation easements after . . . the completed construction of the dune and elevated beach area on the Association's beach lot and the public was allowed access as provided in the State's storm damage reduction easement.
>
> [Id. at 445.]

We further instructed that in determining whether the HOA members' properties' fair market values were reduced by the DEP's taking of the Association's beach lot for the storm reduction easement, the jury shall also "consider any quantifiable benefits affecting value as well as quantifiable detriments." Id. at 446.

Plainly stated, dismissal of the HOA members' inverse condemnation actions was appropriate because they did not have exclusive recreational easements that were destroyed. We explicitly held their claims for severance damages were to proceed before a jury for consideration of an award of "just compensation for the loss of value to their homes, if any, resulting from the DEP's exercise of eminent domain as to the beach lot." Id. at 447. For these reasons, we reject the DEP's assertion that our prior opinion and the second court's decision conclusively determined that the HOA members' "property interests were not taken."

The DEP next contends the first court erred in denying summary judgment because the HOA members lack a unity of ownership between their properties and the beach lot. The DEP asserts the HOA members have no unity of ownership because only the Association is the record beach lot owner and the HOA members are not "beneficial owners."

The DEP's unity of ownership argument is unpersuasive because the HOA members are not required to be the recorded beach lot owners. While it is undisputed that the HOA members do not have strict unity of title, their easement rights are undisputed. The Supreme Court has recognized there can be "adequate unity of ownership" by a "beneficial owner[]." Norfolk Realty Co.,

71 N.J. at 325. Relevantly, property is defined as "land, or <u>any interest</u> in land" under the Act. N.J.S.A. 20:3-2(d) (emphasis added). "An easement constitutes an interest in land, and the owner must be compensated" for its value. <u>Twp. of Manchester Dep't of Utils. v. Even Ray Co., Inc.</u>, 315 N.J. Super. 122, 132 (App. Div. 1998). Further, "[t]he concept of 'unity of ownership' judge is flexible and does not require a rigid definition of ownership on the basis of bare legal title." <u>Artaki</u>, 392 N.J. Super. at 149. The HOA members' easement rights are a beneficial property interest in the Association's taken beach lot.

We also are unpersuaded by DEP's contention that the HOA members' alleged damages are not compensable as they are incidental or speculative. Our Supreme Court has held "that when a public project requires the partial taking of property, 'just compensation' to the owner must be based on a consideration of all relevant, reasonably calculable, and non-conjectural factors that either decrease or increase the value of the remaining property." <u>Harvey Cedars</u>, 214 N.J. at 389. Relevantly, we held in our prior opinion that genuine issues of material fact exist regarding the HOA members' diminution of their properties' fair market values.

We also add that the DEP is bound by the consent order, which memorializes the parties' agreement that the HOA members were entitled to

17

pursue severance damages claims subject to the DEP's position that no diminution in value occurred. "[A] landowner is entitled to compensation not only for the property taken but also for 'damages, if any, to any remaining property.'" Id. at 403 (quoting N.J.S.A. 20:3-29). Moreover, it is a "well-settled principle" that "parties, by agreement, may waive statutory and constitutional rights." Midland Funding, L.L.C. v. Giambanco, 422 N.J. Super. 301, 310 (App. Div. 2011) (citing LaManna v. Proformance Ins. Co., 184 N.J. 214, 226 (2005)).

Finally, the DEP's assertion that a remand is required under the unit rule for an allocation hearing to apportion the HOA members' shares of the Association's award of $632,780 lacks sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We again highlight that the DEP has recognized the HOA members' claims as demonstrated by the consent order, which preserved their rights to seek separate severance damages and the DEP assented to bifurcate the HOA members' claims. Thus, we discern no merit to the DEP's claim that the HOA members are subject to an allocation of the Association's jury award.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

18