MAX MARGOLIES, RESPONDENT, v. HARRY GOLDBERG, APPELLANT.

LOUIS MILLER, RESPONDENT, v. HARRY GOLDBERG, APPELLANT.

ISAAC MANSDORF, RESPONDENT, v. HARRY GOLDBERG, APPELLANT.

CAPEL FROOM, RESPONDENT, v. HARRY GOLDBERG, APPELLANT.

SAMUEL LOPATIN, RESPONDENT, v. HARRY GOLDBERG, APPELLANT.

Submitted November 7. 1924—Decided January 19, 1925.

1. On appeal from judgments entered after defendant's rules to show cause had been discharged the appellate court will not consider and decide any question which was assigned as ground for setting the verdicts aside on the rule to show cause, such question being *res judicata*, whether argued or not. and although not decided in terms, on the rule to show cause.

2. The *strict record* in judicial proceedings includes the pleadings and judgment (and its incidents, such as *venire, postea,* &c.), and does not include the evidence, charge of the court, bills of exception, bills of particulars.

3. Error *on the record* may be assigned after disposition of a rule to show cause, provided the same error has not been made a reason for setting aside the verdict under the rule.

4. The withdrawal of two jurors by the judge in the progress of the trial, without objection by either, and with the consent of both, parties, and in proceeding with the trial before the remaining ten jurors, who rendered the verdict, does not deprive the complaining party of a trial by jury as guaranteed by the constitution, and is not error.

5. Upon the withdrawal of two jurors by the court without objection by the party afterward complaining, who continued to participate in the trial before the remaining ten jurors; *held,* a waiver of the right to trial by a jury of twelve.

On appeal from the Supreme Court.

For the respondents, *Wight, Wight & Golenbock* and *Merritt Lane.* ·

For the appellant, *Thomas Brown.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. These were cases in the Supreme Court to recover damages by the five plaintiffs, alleging false arrest upon the complaint of defendant, Goldberg. They were tried together at Circuit before Lloyd, J. and a jury, by consent, and resulted in a verdict for each plaintiff. The defendant obtained rules to show cause, each of which contained this provision: "It is further ordered that errors in law appearing on the face of the record be and they are hereby expressly reserved as grounds of appeal in the said cause." There were six reasons assigned for a new trial, one of which was, "that a removal of two jurors resulted in a mistrial."

The rules to show cause were discharged, and the defendant, Goldberg, appeals to this court from the judgments entered on the verdicts. He assigns five grounds of appeal— (1) because the Circuit judge erroneously withdrew two of the jurors and proceeded with ten instead of twelve; (2) because the trial judge deprived defendant of his right of trial by jury, as guaranteed by the constitution; (3) because the trial judge deprived him of the right of trial by jury as guaranteed by the constitution of New Jersey and that of the United States; (4) because the trial judge erroneously withdrew two jurors from the panel, which resulted in a mistrial; (5) because the trial judge withdrew two of the jurors in the following manner—stating the manner (as hereafter set out).

The only points argued here on behalf of the appellant are: (1) That the trial court erred in withdrawing two of the jurors, and (2) that he deprived the defendant of a trial

by jury as guaranteed in article 1, paragraph 7 of the constitution of New Jersey. And these together are but one.

It will be observed that the reservation is not of exceptions going to matters occurring on the trial, but is only of errors in law appearing on the face of the record. And in *Goekel* v. *Erie Railroad Co.*, 100 *N. J. L.* 279, decided October 20th, 1924, we held that error may be assigned *on the record* after rule to show cause allowed and disposed of, provided the particular error has not been made a ground for setting aside the verdict on rule to show cause. That is exactly what happened in this case, namely, the third reason on the rules to show cause for setting aside the verdicts and granting a new trial was, "that the removal of two jurors resulted in a mistrial." This question was therefore presented to the trial court, and, under the Goekel case, is not available on appeal to this court. But this error complained of does not appear upon the face of *the record.* It concerns a matter which occurred upon *the trial* and would afford a ground for exception, but no exception was taken.

It appears that this particular objection about the two jurors being withdrawn was not in terms decided by the Supreme Court on the rule to show cause, as its *per curiam* states that the questions that were argued were the weight of evidence and the excessiveness of damages, but, as we said in the Goekel case (at *p.* 281), it is to be presumed that each and every reason (for new trial) was argued, but whether so or not, *all the reasons* in support of the rule, as an effect of the order (discharging it) are *res judicata.*

Parties and those in privity with them are precluded, not only as to every matter offered to sustain or defeat a demand, but as to any other admissible matter which might have been offered for that purpose. *Paterson* v. *Baker,* 51 *N. J. Eq.* 49. Matters available as defenses in a suit or on rule to show cause why a new trial should not be granted are *res judicata.* *McMichael* v. *Horay,* 90 *N. J. L.* 142. See, also, *In re Walsh's Estate,* 80 *N. J. Eq.* 565, 569, 570.

For the defendant-appellant it is contended that the proceedings on the trial when the two jurors were withdrawn are part of the record; and the case of *Lieferant* v. *Progressive Agency, Inc.,* 98 *N. J. L.* 526, is cited. Therein this court said that no ruling relating to the reception or rejection of evidence would be reviewed unless the record disclosed that an objection to such ruling was duly made or such ruling otherwise challenged at the time of the ruling; and, also, the case of *Boesch* v. *Kick,* 97 *Id.* 92, is cited, wherein the court remarked that the record in that case was voluminous, containing over seven hundred pages. Of course, in its broad and general signification the word "record" means a written memorial. It may be of legislative acts, judicial proceedings, record of conveyances and other instruments, &c., and counsel generally, and the judges often, refer to the state of the case before the court as a record, or as the record. But this must not be confused with the *record strictly so-called* in judicial proceedings, which includes the pleadings and judgment, and does not include the evidence, charge of the court, bills of exceptions, bills of particulars, &c. And assignment of common errors refers only to what is *technically known as the record,* and not to a bill of exceptions. *Driscoll* v. *Carlin,* 50 *Id.* 28. And this court said, in the Goekel case, *supra* (at *p.* 286) : "Errors in law *on the record* are either common or special. Common errors are that the declaration is insufficient in law to maintain the action, and that judgment was given for plaintiff instead of defendant, or *vice versa.* Special errors are want of original writ or warrant of attorney (both obsolete with us), or any matter appearing on the face of the record, which shows the judgment to be erroneous. 1 *Arch. Pr.* 226, 227; 2 *Tidd Pr.* *1169. Under an assignment of such errors this court will not reverse a judgment except for error manifest in the record. *Loper* v. *Somers,* 71 *N. J. L.* 657."

Of what the strict record at common law consists is shown in the form of proceedings on an action of trespass in ejectment in the King's Bench, and contains the declaration, plea,

award of *venire, postea,* verdict, judgment, motion in arrest of judgment,· decision of the court, and judgment thereon awarding writ of possession. 3 *Bl. Com., Appendix No. 2.*

With reference to the withdrawal of the two jurors the transcript of the testimony discloses the following:

"Appearances: Messrs. Wight, Wight & Golenbock, Henry K. Golenbock, Esq. [present], attorneys for the plaintiffs. Jacob S. Karkus, Esq., attorney for the defendant.

\*       \*       \*       \*       \*       \*       \*

## "SECOND DAY.

"Appearances as before stated.

"The Court—I understand that two of the jurors last night availed themselves of the courtesy of the defendant in riding home with him, and both counsel agree that that being true, there was an impropriety which ought to relieve them from the further trial of this case. I do not need to say to you that the court's confidence is not impaired in the least. I think it was an inadvertence that the jurors did not realize the importance of, but still it makes it desirable that you should not continue in the case. It is improper for the jurors to accept any favor from litigants, during the trial of a case, or before it, for that matter, knowingly; and under the circumstances I will ask those two gentlemen to retire from the jury, and the case will proceed before the other ten."

Here the minute ends, and defendant's attorney proceeded to participate in the trial thereafter, without objection made as ground of appeal. The defendant was entirely willing to speculate on· the verdicts by ten jurors, and had they been favorable to him he would not be here complaining. This conduct, of itself, was a valid waiver of the right to trial by a jury of twelve.

There was a motion made at the bar of this court for a *certiorari* to bring up the proceedings had with reference to the withdrawal of these two jurors, but, upon the hearing, the application was withdrawn and consent was given by the counsel on both sides that Judge Lloyd, now Mr. Justice

Lloyd, of the Supreme Court, who tried the case, should be at liberty to state what occurred on the trial, and, being called upon by this court for information as to that, stated that at a conference with the attorneys for the plaintiff and defendant at side-bar, before he made his ruling above quoted, informed them of what he intended doing, and both consented to the course taken. Thus it appears that not only was no objection made, as disclosed in the transcript, but formal consent was actually given.

This court in *Person* v. *Herring,* 63 *N. J. L.* 599 (at *p.* 604), commenting upon cases tried before the court or a judge under the Practice act of 1855, then section 154 of the Practice act, Revision of 1903, held: "In such a case the court is substituted for the jury, and its finding upon fact cannot be reviewed upon writ of error. *Columbia Delaware Bridge Co.* v. *Geisse,* 9 *Vr.* 39, 580. All that can be reviewed is the sufficiency of the facts found to support the judgment. *Elizabeth* v. *Hill,* 10 *Id.* 555; *Blackford* v. *Plainfield Gaslight Co.,* 14 *Id.* 438; *Newark Passenger Railroad Co.* v. *Kelly,* 28 *Id.* 655; *Mills* v. *Mott,* 30 *Id.* 15." The case of Person *v.* Herring assumes the right of trial by the court without a jury.

Section 154 of the Practice act, 1903, providing for trial by the court without a jury, was repealed by section 34 of the Practice act, 1912 (*Pamph. L., pp.* 377, 383, 384), but was perpetuated, in other terms, by rule 74, annexed to the latter act, and is now rule 113 of the Supreme Court (1913), adopted in virtue of the provisions of section 32 of the Practice act of 1912. And see *Webster* v. *Freeholders of Hudson,* 86 *N. J. L.* 256, 258.

*Humphrey* v. *Eakeley,* 72 *N. J. L.* 424; affirmed, for reasons given in Supreme Court, 74 *Id.* 599, was this: An appeal brought up to the Supreme Court, a judgment rendered in favor of the respondent in a case tried in the District Court without a jury. On the return day of the summons, and again on the trial, the defendant-appellant demanded a trial by jury, without being required to advance the cost of the *venire,* which was denied by the court, and constituted

the sole ground urged in the Supreme Court for the reversal of the judgment. By act of April 8th, 1903 (*Pamph. L., p.* 505), it was provided that unless the parties demanding a jury trial should, at the time of making such demand, pay the cost of the *venire,* the demand for trial by jury should be deemed to be waived, and the question, therefore, to be decided was, Was the constitutionality of the legislative regulation an invasion of the constitutional provision ·that the right of trial by jury shall remain inviolate? And it was held that the act was constitutional, that is, the waiver provided for by the statute was not an invasion of defendant's constitutional right to trial by jury, and the judgment was affirmed.

In *Sexton* v. *Newark District Tel. Co.,* 84 *N. J. L.* 85; *affirmed,* 86 *Id.* 701, Mr. Justice Trenchard, in the Supreme Court, said (at *p.* 101) : "The practice of waiving a trial by jury in civil cases or proceedings in this state is of such common occurrence as to attract no attention, and it has never been doubted in this state that such a waiver could be made. * * * No distinction can be perceived between a waiver of the right by the parties after commencement of the suit and as incident to its prosecution, and a general waiver as a result of a contract made prior to the commencement of legal proceedings, or, indeed, to the accrual of a possible cause of action. Nor can any distinction be perceived between a waiver of the right in the form of an express contract between the parties and a waiver which may arise as a result of a legal presumption under legislative authority."

Thus it appears that the particular point made in this case, namely, the legality of the withdrawal of a juror or jurors after commencement, and during the progress, of a suit has been upheld. In the language of Mr. Justice Trenchard, the practice is of common occurrence. Further citation of authorities on this head is deemed unnecessary.

In our opinion the trial judge committed no error in withdrawing two of the jurors without objection by either, and with consent of both, parties, and in proceeding with

the trial before ten jurors, who rendered the verdict; nor did he thereby deprive the complaining party (defendant) of a trial by jury as guaranteed by the constitution. In fact, the defendant, by not objecting to the course taken by the trial judge, and in participating in the trial on the merits thereafter, waived his right to a trial by a jury of twelve, and, in effect, consented to a trial by a jury of ten.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 14.

*For reversal*—None.