876 A.2d 785

ROSEANN LAMANNA, PLAINTIFF–APPELLANT, v. PROFOR-MANCE INSURANCE COMPANY, DEFENDANT–RESPON-DENT, AND JOHN DOES 1–10 (SAID NAMES BEING FICTI-TIOUS, REAL NAMES UNKNOWN) AND ABC COMPANIES 1–10 (SAID NAMES BEING FICTITIOUS, REAL NAMES UN-KNOWN), DEFENDANTS.

Argued November 9, 2004—Reargued March
28, 2005—Decided July 14, 2005.

*Paul K. Caliendo* argued the cause for appellant (*Gill & Chamas,* attorneys).

*Randi S. Greenberg* argued the cause for respondent.

*Edwin J. McCreedy,* President, argued the cause for amicus curiae New Jersey State Bar Association (*Mr. McCreedy* and *Lum, Danzis, Drasco & Positan,* attorneys; *Mr. McCreedy* and *Wayne J. Positan,* First Vice President, of counsel; *Mr. Positan, Dennis J. Drasco, Kevin J. O'Connor* and *Michael J. Plata,* on the brief).

*Michael J. Cernigliaro* argued the cause for amicus curiae New Jersey Defense Association (*Campbell, Foley, Lee, Murphy & Cernigliaro,* attorneys; *Stephen J. Foley, Jr.,* on the brief).

*Michael C. Walters,* Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (*Peter C. Harvey,* Attorney General, attorney; *Patrick DeAlmeida,* Assistant Attorney General, of counsel).

*Tommie Ann Gibney* submitted a brief on behalf of amicus curiae Association of Trial Lawyers of America–New Jersey (*Andres & Berger,* attorneys).

Justice WALLACE delivered the opinion of the Court.

In this personal injury action, we consider the constitutionality of the statutory provision, *N.J.S.A.* 2B:23–17, which authorizes parties in a civil action to stipulate that a smaller majority of jurors than five-sixths may render the verdict. If we conclude the statute is constitutional, we must also decide if it was harmless error to accept a less than five-sixths jury verdict where the parties failed to comply with *Rule* 1:8–2 by not agreeing to do so "on the record prior to commencement of deliberations." At trial, neither party objected to the procedure utilized by the trial court to allow eight jurors to deliberate and to require only six of the eight jurors to agree on the verdict. The jury returned a six-to-two verdict in favor of defendant. The Appellate Division affirmed. *LaManna v. Proformance Ins. Co.,* 364 *N.J.Super.* 473, 837 *A.*2d 384 (2003). Because of a dissent in the Appellate Division, *id.* at 478–85, 837 *A.*2d 384, the case is before us as a matter of right. *R.* 2:2–1(a)(2).

■ We now conclude that *N.J.S.A.* 2B:23–17 is constitutional and that any error in failing to have the parties agree on the record to a less than five-sixths jury verdict was harmless. We affirm the judgment of the Appellate Division.

## I.

Plaintiff Roseann LaManna was injured while a passenger in a motor vehicle that was cut off by an unknown vehicle, causing the driver to lose control and strike a concrete barrier on the Garden State Parkway. Plaintiff sought benefits under the uninsured motorist provision of an automobile insurance policy issued by defendant Proformance Insurance Company.

After liability was established in arbitration proceedings, the issue of damages was tried before a jury. At the conclusion of the trial, the trial court charged the eight person jury on the law. The record does not disclose the reason that two of the eight jurors were not selected as alternates, but all eight jurors were permitted to decide the case. In discussing the verdict sheet the trial court stated:

> I need a vote of at least six of you on these questions. It can't be 5:3. I need, the answer where it says vote on the right hand side, only three—you only have three options there, 6:2, 7:1, 8:0. So, I'm not going to ask you how you voted.

> \* \* \*

> So, I won't know how you voted. Some of you may disagree with a vote but as long as it's 6:2, 7:1, 8:0, that's all I want to know.

At the conclusion of the charge, both sides objected to the charge on damages. Neither side, however, raised an objection to the requirement that only six of the eight jurors had to agree to return a verdict. By a vote of six-to-two, the jury found in favor of defendant, and a judgment of no cause of action was entered.

Following the denial of her motion for a new trial, plaintiff appealed, raising five points of error. In her second point, plaintiff asserted that "[a]s all eight members of the jury were permitted to deliberate with all interrogatories not being agreed upon by at least seven jurors the result is a non-viable verdict and as such a new trial is required." Plaintiff urged that because the parties failed to stipulate upon the record that eight jurors would decide the case or that less than a five-sixths verdict was acceptable, the six-to-two jury verdict violated *Rule* 1:8–2.

The Appellate Division affirmed the judgment with one member of the panel dissenting. *LaManna, supra,* 364 *N.J.Super.* at 478–85, 837 *A.*2d 384. The majority noted that Article I, paragraph 9 of the New Jersey Constitution authorizes the Legislature to "provide that in any civil cause a verdict may be rendered by not less than five-sixths of the jury." *Id.* at 475, 837 *A.*2d 384. The majority found that the Legislature has followed that course in *N.J.S.A.* 2B:23–1b and *N.J.S.A.* 2B:23–17. *Ibid.* The majority disagreed with the dissent's conclusion that *N.J.S.A.* 2B:23–17 was unconstitutional, explaining that plaintiff had not raised that argument and that notice had not been given to the Attorney General as required by *Rule* 2:5–1(h). *Ibid.* Relying on *Morin v. Becker,* 6 *N.J.* 457, 79 *A.*2d 29 (1951), the majority concluded that because plaintiff did not object to the less than five-sixths vote, she "waived the right to argue on appeal that the verdict violated the State Constitution." *Id.* at 476, 837 *A.*2d 384. The majority reasoned that "[s]ince a 6–2 verdict in a civil case may be agreed to by the parties, a party who fails to object in a timely manner to submission of the case to the jury on that basis cannot thereafter rely on the plain error rule, *R[ule]* 2:10–2." *Id.* at 478, 837 *A.*2d 384.

The dissent found that the authorization in *N.J.S.A.* 2B:23–17, which permits a verdict based on less than a five-sixths majority, contravened the Constitution. *Id.* at 479, 837 *A.*2d 384. Further, the dissent disagreed with the majority's plain error analysis and concluded a reversal of the judgment would have the salutary effect of deterring future similar errors. *Id.* at 483, 837 *A.*2d 384. Finally, the dissent urged that the failure of the parties to agree to less than a five-sixths verdict on the record violated *Rule* 1:8–2 and necessitated a new trial. *Id.* at 484–85, 837 *A.*2d 384.

## II.

### A.

Plaintiff argues that *N.J.S.A.* 2B:23–17 is unconstitutional because it conflicts with Article I, paragraph 9 of the New Jersey

Constitution. She acknowledges that she did not raise that argument below, but notes that the argument was raised *sua sponte* by the dissent in the Appellate Division. She now claims that a plain reading of the Constitution restricts the percentage of jury votes required to reach a valid civil verdict to at least five-sixths. Further, plaintiff urges that her failure to raise an objection at trial should not affect the outcome of the present matter because a procedural technicality should not infringe upon her constitutional right to a five-sixths jury verdict. Thus, she contends the seventy-five percent jury verdict was plain error within the meaning of *Rule* 2:10–2.

## B.

Defendant initially objects to plaintiff's claim that *N.J.S.A.* 2B:23–17 is unconstitutional because plaintiff failed to follow the procedural prerequisites for raising a constitutional issue, namely, raising the argument before the trial court below and giving notice to the Attorney General as required by *Rule* 2:5–1(h). Defendant further argues that the statute is constitutional and cites numerous cases upholding the waiver of the right to trial by jury either by inaction of the party claiming to be deprived of that right or by other conduct inconsistent with the exercise of that right. Defendant adds that since the concept of complete waiver of a jury is beyond debate, it follows that the waiver of the prescribed percentage is an equally valid principle. Thus, plaintiff's failure to object to the trial court's authorization of a seventy-five percent verdict constituted a waiver. Finally, assuming that it was error for the trial court to implement a three-fourths verdict without an agreement on the record, defendant urges that it was harmless and plaintiff was not prejudiced because she "only had to convince seventy-five percent of the jury rather than roughly eighty-three percent," and nonetheless failed to do so.

## C.

Following oral argument we invited the Attorney General, the New Jersey Defense Association (NJDA), the Association of Trial

Lawyers (ATL), and the New Jersey State Bar Association (NJSBA), to participate as *amici*. They accepted the invitation and a second round of oral argument was held.

The Attorney General, NJDA, and ATL all urge that *N.J.S.A.* 2B:23–17 is constitutional. They argue that the New Jersey Constitution gives the parties a right to a jury trial, but does not prohibit the parties from waiving that right. They urge that *N.J.S.A.* 2B:23–17 recognizes that parties may waive their constitutional right to a jury verdict of a five-sixths majority and that generally this Court approves the waiver of constitutional rights.

NJDA adds that a requirement that all trials must be decided by five-sixths of deliberating jurors undermines the policy embodied in our Court Rules encouraging parties to participate in Complementary Dispute Resolution Programs. Beyond that, NJDA asserts that "the dissent's reasoning is so inconsistent with basic, longstanding principles of constitutional law and statutory interpretation" that endorsement of the dissent's view "will create uncertainty where there previously has been none." NJDA also agrees with defendant that by failing to object at trial, plaintiff waived her right to a five-sixths verdict.

NJSBA agrees with plaintiff's position that *N.J.S.A.* 2B:23–17 is unconstitutional and that *Rule* 1:8–2(c)(3) should be declared invalid. Further, NJSBA argues that the violation of an express constitutional provision regarding the structure of the civil jury system should not be disregarded under the rubic of harmless error, and even if the statute is constitutional, the trial court's failure to comply with the requirement of *Rule* 1:8–2(c)(3), to place the stipulation on the record, requires a new trial.

### III.

#### A.

The inquiry we address is whether plaintiff was denied any rights guaranteed to her under the New Jersey Constitution. As

approved in 1947, Article I, paragraph 9 of the New Jersey Constitution provided:

> The right of trial by jury shall remain inviolate; but the Legislature may authorize the trial of civil causes by a jury of six persons when the matter in dispute does not exceed $50.00.[1] The Legislature may provide that in any civil cause a verdict may be rendered by not less than five-sixths of the jury. The Legislature may authorize the trial of the issue of mental incompetency without a jury.

Consistent with that authorization, in 1948, the Legislature enacted *N.J.S.A.* 2A:80–2, which allowed for a verdict to be rendered by ten or more if a twelve person jury were impaneled and five or more if a six person jury were impaneled.

In *Morin*, we addressed a challenge to the constitutionality of *N.J.S.A.* 2A:80–2. *Supra*, 6 *N.J.* 457, 79 *A.*2d 29. In that case, following a jury verdict in favor of the plaintiff, the defendant appealed. She contended, in part, that the trial court lacked authority to apply the statute permitting a five-sixths jury verdict. *Id.* at 460, 79 *A.*2d 29. We rejected that argument and held that the "specific and unequivocal constitutional authorization" supported the statute adopted by the Legislature. *Id.* at 463, 79 *A.*2d 29.

In 1995, the Legislature repealed *N.J.S.A.* 2A:80–2 and replaced it with *N.J.S.A.* 2B:23–17. That statute, which is the focus of our opinion, provides in pertinent part:

> In any civil trial by jury, at least five-sixths of the jurors shall render the verdict unless the parties stipulate that a smaller majority of jurors may render the verdict.
>
> [*N.J.S.A.* 2B:23–17.]

For the first time the Legislature expressly gave parties the right to agree to less than a five-sixths jury vote to render a verdict.

Prior to 1998, *Rule* 1:8–2(b), provided that a civil jury "shall consist of six persons unless the court for good cause shown shall order a jury of 12 persons[,]" and *Rule* 1:8–2(c) required that "the

---

[1] In 1973, the Constitution was amended to delete the constitutional provision that limited a six person jury to matters in dispute not exceeding $50. Thus, our Constitution now authorizes the Legislature to provide for a six person jury in all civil cases.

verdict of finding shall be by five-sixths of the jurors unless the parties stipulate that a verdict or finding by a smaller majority of the jurors shall be taken as the verdict...." Subsection C was amended in 1998 to provide that the stipulation be "on the record." *R.* 1:8–2(c)(3)(1999).

## B.

 Preliminarily, we acknowledge that "[o]ur courts have demonstrated a steadfast adherence to the principle 'that every possible presumption favors the validity of an act of the Legislature.'" *State v. Trump Hotels & Casino,* 160 *N.J.* 505, 526, 734 *A.*2d 1160 (1999) (quoting *New Jersey Sports & Exposition Auth. v. McCrane,* 61 *N.J.* 1, 8, 292 *A.*2d 545 (1972)). We exercise "extreme self restraint" before using "the judicial power to invalidate a legislative act[,]" and we will not declare a legislative act void "unless its repugnancy to the Constitution is clear beyond a reasonable doubt." *Ibid.* (internal quotations omitted). "The polestar of constitutional construction is always the intent and purpose of the particular provision." *State v. Apportionment Comm'n,* 125 *N.J.* 375, 382, 593 *A.*2d 710 (1991).

## C.

 It is obvious from the clear and unambiguous language of Article I, paragraph 9, that the drafters of the 1947 Constitution intended to make the right to a trial by jury inviolate and to authorize the Legislature to provide that a verdict in a jury trial may be rendered by not less than a five-sixths majority. Those constitutional guarantees, however, do not prohibit the Legislature from authorizing the parties to agree to a different number of jurors or to agree to a lesser majority verdict than five-sixths.

 Constitutional rights generally may be waived. *Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower Project, L.P.,* 154 *N.J.* 141, 147, 712 *A.*2d 180 (1998) (citing *Miranda v. Arizona,* 384 *U.S.* 436, 86 *S.Ct.* 1602, 16 *L.Ed.*2d 694 (1966) (allowing waiver of privilege

against self-incrimination)); *Sexton v. Newark Dist. Tel. Co.*, 84 *N.J.L.* 85, 86 *A.* 451 (1913), *aff'd*, 86 *N.J.L.* 701, 91 *A.* 1070 (1914) (allowing waiver of right to trial by jury); *State v. Johnson*, 68 *N.J.* 349, 353, 346 *A.*2d 66 (1975) (concluding validity of consent to search "must be measured in terms of waiver"). In *Mt. Hope*, we addressed the argument that the Alternative Procedure for Dispute Resolution Act (Act), *N.J.S.A.* 2A:23A–1 to –19, infringed on an individual's constitutional right to appeal and on the Court's rulemaking authority. *Supra*, 154 *N.J.* at 145–53, 712 *A.*2d 180. In finding no constitutional infirmity, we declared that " 'a party may, by express agreement or stipulation before trial or judgment, waive his right to appeal [ ]' " even though our Constitution grants parties such a right. *Id.* at 147, 712 *A.*2d 180 (quoting *Harmina v. Shay*, 101 *N.J. Eq.* 273, 137 *A.* 558 (E. & A.1927)). We emphasized that parties invoking arbitration to decide a dispute "waive their [constitutional] right to trial by jury[,]" and we found no distinction between arbitration and the Act "that would prohibit parties who invoke the [Act] from likewise waiving those rights." *Id.* at 149, 712 *A.*2d 180.

In *Margolies v. Goldberg*, 101 *N.J.L.* 75, 76–77, 127 *A.* 271 (E. & A.1925), the Court of Errors and Appeals addressed the defendant's argument that he had been deprived of his constitutional right to a trial by jury when the trial court excused two jurors and permitted ten jurors to decide the case when, at the time, the Constitution provided for a twelve-person civil jury trial. The Court quoted approvingly the observation in *Sexton, supra*, 84 *N.J.L.* at 101, 86 *A.* 451, that "[t]he practice of waiving a trial by jury in civil cases or proceedings in this state is of such common occurrence as to attract no attention, and it has never been doubted in this state that such a waiver could be made." *Id.* at 81, 127 *A.* 271. The Court concluded that

the trial judge committed no error in withdrawing two of the jurors without objection by either, and with consent of both parties, and in proceeding with the trial before ten jurors, who rendered the verdict; nor did he thereby deprive the complaining party ([the] defendant) of a trial by jury as guaranteed by the constitution. In fact, the defendant, by not objecting to the course taken by the trial judge, and in participating in the trial on the merits thereafter, waived his

right to a trial by a jury of twelve, and, in effect, consented to a trial by a jury of ten.

[*Id.* at 81–82, 127 *A.* 271.]

In *State v. McKnight*, 52 *N.J.* 35, 47, 243 *A.*2d 240 (1968), we discussed constitutional rights generally and noted that constitutional rights "may be lost if not asserted." We observed that "[i]t would not offend the language of the Constitution in the least to say that it merely protects those rights from legislative destruction or dilution." *Ibid.* We acknowledged that our Court Rules "provide that the right to trial by jury in a civil case must be asserted by affirmative demand . . . and constitutional rights may be lost if they are not advanced in accordance with rules which afford a fair opportunity to press them." *Id.* at 48, 243 *A.*2d 240. *See R.* 4:35–1(c) (failure to demand jury trial constitutes waiver).

■ Our jurisprudence recognizes that constitutional rights may be waived. So long as the party is given a fair opportunity to request his or her constitutional right to a civil jury trial subject to a five-sixths jury verdict, we find no impediment to the parties consenting to waive that right. *See McKnight, supra,* 52 *N.J.* at 48, 243 *A.*2d 240 (noting waiver "may describe an election deliberately made with awareness of everything involved; [or] may also rest upon nothing more than an omission to act"). *See also Van Note–Harvey Assocs., P.C. v. Township of East Hanover,* 175 *N.J.* 535, 541, 816 *A.*2d 1041 (2003) (noting parties' conduct constitutes waiver of previous demand for jury trial on prejudgment interest); *Campione v. Soden,* 150 *N.J.* 163, 185–9, 695 *A.*2d 1364 (1997) (noting parties waive right to jury trial concerning issues not raised by special verdict interrogatories unless they object to such omissions prior to submission to jury).

■ Both the right to a jury trial and the right to a jury verdict of not less than five-sixths majority are provided for in Article I, paragraph 9 of our Constitution. There is no sound reason to distinguish between the right to waive a jury trial entirely [2] and

---

[2] Indeed, the right to trial by jury in a civil case presumptively is deemed waived unless that right is affirmatively exercised by one of the parties. *R.* 1:8–

the right to waive a jury verdict by five-sixths majority. Just as the parties in a civil action may waive their right to a jury trial, they may waive their right to a jury verdict of five-sixths majority.

Giving *N.J.S.A.* 2B:23–17 the presumption of validity that we must, we conclude that it is constitutional. In adopting Section 17, the Legislature provided for an orderly and informed manner for the parties to waive their right to a jury verdict of not less than five-sixths majority. The statute merely codifies what the parties may otherwise accomplish.

In addition to the majority opinion of the Appellate Division in this case, at least two other published opinions of the Appellate Division have recognized that the parties may agree to proceed with more or less than six jurors and may waive the five-sixths requirement. In *Petrolia v. Estate of Nova*, 284 *N.J.Super.* 585, 589, 666 *A.2d* 163 (App.Div.1995), *certif. denied*, 143 *N.J.* 516, 673 *A.2d* 276 (1996), eight jurors were empaneled to decide a medical malpractice case. For various reasons, three jurors had to be excused. *Ibid.* The five-person jury returned a unanimous verdict for the defendant. *Ibid.* On appeal, the plaintiff urged error in the failure to grant his motion for a mistrial after the number of jurors was reduced to five. *Ibid.* In reversing and remanding for a new trial because the plaintiff did not agree to less than a six-person jury, the panel noted that "the parties may stipulate to proceed with less than the minimum number or more than the minimum number ... and may even agree to have the case decided by a smaller majority of the jurors than five-sixths." *Id.* at 590, 666 *A.2d* 163.[3]

---

1(b) ("Issues in civil cases triable as of right by a jury shall be so tried only if a jury trial is demanded by a party ... and is not thereafter waived."). In contrast, "[c]riminal actions required to be tried by a jury shall be so tried unless the defendant, in writing and with the approval of the court, after notice to the prosecuting attorney and an opportunity to be heard, waives a jury trial." *R.* 1:8–1(a).

[3] The panel cited approvingly *Waldman v. Cohen*, 125 *A.D.2d* 116, 512 *N.Y.S.2d* 205, 210 (1987), a case factually similar to *Petrolia* for the principle

Two years later, in *Walder, Sondak, Berkeley & Brogan v. Lipari,* 300 *N.J.Super.* 67, 692 *A.*2d 68 (App.Div.), *certif. denied,* 151 *N.J.* 77, 697 *A.*2d 548 (1997), a case similar to the case we decide today, the trial court permitted eight jurors to sit to render a verdict, the six regular jurors and two alternates. Without objection, the trial court instructed the jury that at least six of the eight must agree to the verdict. *Id.* at 81, 692 *A.*2d 68. Following an adverse verdict, the defendants challenged the court's instruction that the verdict could be rendered by three-fourths of the jury, asserting a violation of the constitutional requirement for a verdict to be rendered by five-sixths of the jury. *Id.* at 80, 692 *A.*2d 68. The Appellate Division rejected the defendants' constitutional argument and quoted approvingly the comment in *Petrolia* that the parties may "agree to have the case decided by a smaller majority of the jurors than five-sixths." *Id.* at 81, 692 *A.*2d 68 (quoting *Petrolia, supra,* 284 *N.J.Super.* at 590, 666 *A.*2d 163). The panel recommended that any future "agreement to have a case decided by less than five-sixths of a jury panel be specifically articulated upon the record." *Id.* at 82, 666 *A.*2d 163.

Recently, we implicitly recognized that the parties may waive their right to a jury verdict of not less than a five-sixths majority. In *Mahoney v. Podolnick,* 168 *N.J.* 202, 773 *A.*2d 1102 (2001), we addressed the question whether a jury's verdict based on one juror's alleged failure to vote on two questions on the verdict sheet concerning causation required reversal. While providing the background for answering that question in the negative, we cited *N.J.S.A.* 2B:23–17 for the proposition that "[a]t least five-sixths of the jurors must render the verdict, unless the parties stipulate that a smaller majority of jurors may do so." *Id.* at 215, 773 *A.*2d 1102. We observed further that, although a civil trial may consist of six jurors, "more or less than six jurors may deliberate and decide the case with the consent of the parties." *Ibid.* We noted that "[c]ourts have allowed the participation by alternate jurors in

---

that "absence of a consent by all parties, a jury made up of less than six persons cannot render a valid verdict."

deliberations, with consent of counsel, a practice that developed over the years to avoid frustrating alternate jurors that hear the evidence but are excluded from deliberations." *Id.* at 215–16, 773 *A.2d* 1102. In discussing the number of jurors needed to render the verdict, we explained that

> all parties agreed to accept a verdict from that eight-person jury. One juror was unable to complete her service, so the final verdict was rendered by seven jurors. There was no agreement among the parties that there should be a verdict percentage greater or less than five-sixths. Accordingly, when the jury was reduced to seven jurors, a valid verdict for the petitioner required six votes.
>
> [*Id.* at 216, 773 *A.2d* 1102.]

We now make clear what we implied in *Mahoney:* the parties to a civil trial may waive their constitutional right to at least a five-sixths verdict and agree to accept a smaller percentage verdict. Stated differently, the parties may consent to have their case decided by fewer or greater than six persons and by a greater or lesser percentage than five-sixths.

## IV.

The dissent in the Appellate Division also disagreed with the majority's conclusion that any error in failing to fully comply with the requirement of *Rule* 1:8–2(c)(3) to have the parties agree to less than a five-sixths jury verdict "on the record prior to commencement of deliberations," was not clearly capable of producing an unjust result. *LaManna, supra,* 364 *N.J.Super.* at 475–78, 837 *A.2d* 384. We are in accord with the majority's thorough reasoning and its conclusion to reject plaintiff's plain error argument. *R.* 2:10–2. We add only that our trial courts should comply fully with *Rule* 1:8–2 and that any stipulation to accept less than a five-sixths jury verdict should be noted on the record.

## V.

The judgment of the Appellate Division is affirmed.

Justice ALBIN, dissenting.

Article 1, Paragraph 9 of the New Jersey Constitution states: "The Legislature may provide that in any civil cause a verdict may be rendered *by not less than five-sixths of the jury.*" (Emphasis added). Despite that language, the majority concludes that parties to a litigated civil case are authorized to decide between themselves on the number of jurors that will qualify as a majority for rendering a verdict. The principle adopted today by the majority has allowed a three-fourths majority verdict in the case before us, but tomorrow parties will be free to agree privately to be bound by three-two and five-four verdicts. I do not read Article 1, Paragraph 9 of the State Constitution to allow private litigants, who are angling for their own perceived advantages, to alter the very structure of a civil jury trial—the requirement that at least five-sixths of the jury concur on a verdict. More importantly, for purposes of constitutional interpretation, I do not believe that the drafters of the 1947 Constitution had in mind the result reached by the majority today. For those reasons, I respectfully dissent.

The delegates to the 1947 Constitutional Convention understood that at that time unanimity was required in civil jury trial verdicts. *See* 1 *Proceedings of the State of New Jersey Constitutional Convention of 1947* 609–13. The debates surrounding the adoption of Article 1, Paragraph 9, centered on whether the *Legislature* should be authorized to enact a statute that allowed less than unanimity. *Id.* at 612–13. The delegates were wary about moving off the unanimity requirement. *Id.* at 613–14. When an amendment was first introduced that would have authorized the Legislature to allow for a five-sixths verdict, the delegates handily voted it down. *Id.* at 614. The next day, when another amendment was offered that would have allowed a three-fourths verdict, the delegates balked. *Id.* at 684–86. Afterwards, that amendment was revised to permit the Legislature to provide for a verdict by not less than five-sixths of the jury. *Id.* at 686–88. It then passed. *Id.* at 688.

The drafters wanted to give the Legislature the option of experimenting with a less than unanimous verdict in recognition that some deadlocked verdicts are caused by an irrational, arbitrary, or even dishonest juror. *Id.* at 686–87. However, having taken such pains to carve an exception out of the unanimity requirement by allowing a verdict "by not less than five-sixths of the jury," did the convention delegates conceive that private litigants would be permitted to arrange for a verdict by less than five-sixths of the jury? That seems unlikely.

The majority cannot cite to a New Jersey case decided before the passage of Article 1, Paragraph 9 that allowed for a less than unanimous civil jury verdict, whether agreed upon by the parties or not. *Margolies v. Goldberg,* 101 *N.J.L.* 75, 76–77, 79, 81–82, 127 *A.* 271 (E. & A. 1925), cited by the majority, *ante* at 224–25, 876 *A.*2d at 791, upheld a verdict in which the parties stipulated to a ten-person jury, rather than the twelve-person jury required at the time. But that case in no way suggested that a less than unanimous verdict would have been permissible.

The framers of our State Constitution, I believe, made a value judgment that verdicts rendered by less than five-sixths of the jury were not sufficiently reliable to be sanctioned by our system of civil justice. Although it is true that the parties can waive a jury trial for a bench trial, in such circumstances the decision, in effect, is a unanimous one by a trained and experienced factfinder. It also is true that the parties can agree to arbitration under terms that they deem appropriate. But that does not mean that the parties can rearrange the structure of a civil jury trial within our halls of justice.

The majority rightly points out that there are many rights that can be waived by the parties to a litigated case. *Ante* at 224–26, 876 *A.*2d at 791–92. I believe, however, that it is one thing for a party to waive a right and another thing to permit that party to alter the structure of the trial itself. We would not allow the parties to waive the recording of the trial or the administration of

oaths to witnesses, or to agree upon the racial, religious, or gender composition of the jury, or to forego the application of the rules of evidence. No one would suggest, I think, that a less than unanimous verdict in a criminal case would be permissible, even if the parties agreed. In my opinion, the framers held the view that a civil jury trial should be decided by a verdict of not less than five-sixths of the jury and said so in Article 1, Paragraph 9. Therefore, any statute, rule, or Appellate Division opinion that says otherwise is in conflict with our State Constitution.

For those reasons, I agree with Judge Fisher's thoughtful opinion below and respectfully part from my colleagues in the majority.

Justice LONG joins in this dissent.

*For affirmance*—Chief Justice PORITZ and Justices LaVECCHIA, ZAZZALI, WALLACE and RIVERA–SOTO—5.

*For reversal*—Justices LONG and ALBIN—2.