NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1861-14T4

CHARLES UDOH,

 Plaintiff-Appellant,

v.

ENTERPRISE RENTAL CAR INC.,
and JOHN MATTONE,

 Defendants-Respondents,

and

CHRISTOPHER G. TURNER,

 Defendant.

________________________________

 Argued on November 30, 2016 – Decided September 19, 2017

 Before Judges Simonelli and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Law Division, Bergen County, Docket
 No. L-4335-12.

 Charles Udoh, appellant, argued the cause pro
 se.

 Mary C. McDonnell argued the cause for
 respondents (PFund McDonnell, P.C.,
 attorneys; Ms. McDonnell, of counsel and on
 the brief; David T. PFund, on the brief).
 The opinion of the court was delivered by

GOODEN BROWN, J.A.D.

 This appeal arises out of plaintiff's claims for damages

against Elrac, Inc., d/b/a Enterprise Rent A Car1 (Enterprise),

and two of its employees, Christopher Turner and John Mattone,

stemming from plaintiff's rental of a van that broke down while

he was moving to North Carolina. According to plaintiff, the

rented van broke down with his belongings still inside. Plaintiff

claims that Enterprise agreed to take possession of the items and

ship them back to him in New Jersey but lost them instead.

Plaintiff appeals from two October 17, 2014 orders; one order

dismissed all claims against Mattone for failure to state a cause

of action and granted summary judgment to Enterprise on all claims

other than loss of property and breach of contract, and the other

order denied plaintiff's motion for summary judgment. Plaintiff

also appeals from the January 5, 2015 order entering judgment for

Enterprise following a jury verdict of no cause of action.2 In

1
 Enterprise Rent A Car was improperly pled as Enterprise Rental
Car Inc.
2
 In a July 12, 2013 order, the trial court administratively
dismissed the complaint against Turner for lack of prosecution
pursuant to Rule 1:13-7 because plaintiff failed to effectuate
process in a timely manner. The court reaffirmed its dismissal
in a December 15, 2014 order. In his notice of appeal, plaintiff

 2 A-1861-14T4
his merits brief, plaintiff does not present any legal argument

or citation of law explaining how the trial court erred in entering

the October 17, 2014 orders.3 As a result, plaintiff has

effectively waived this argument on appeal. See N.J. Dep't of

Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505-06 n.2

(App. Div.), certif. denied, 222 N.J. 17 (2015). As to the January

5, 2015 order, we affirm.

 On June 27, 2012, proceeding pro se, plaintiff filed a

complaint against Enterprise, Mattone, the regional vice-

president, and Turner, the employee who rented him the van,

alleging breach of contract and negligence. The trial court

does not appeal either of these orders. Accordingly, those orders
are not subject to review on appeal. See 1266 Apartment Corp. v.
New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004)
(explaining that "it is only the judgment or orders designated in
the notice of appeal which are subject to the appeal process and
review") (citing Sikes v. Twp. of Rockaway, 269 N.J. Super. 463,
465-66 (App. Div.), aff’d o.b., 138 N.J. 41 (1994)). See also R.
2:5-1(f)(3)(A) ("In civil actions the notice of appeal shall ...
designate the judgment, decision, action, or rule, or part thereof
appealed from....").
3
 We note that plaintiff's only arguments addressing the October
17, 2014 orders appear in his reply brief. However, "'[r]aising
an issue for the first time in a reply brief is improper.'"
Goldsmith v. Camden Cty. Surrogate's Office, 408 N.J. Super. 376,
387 (App. Div.) (alteration in original) (quoting Borough of Berlin
v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App.
Div.), certif. denied, 168 N.J. 294 (2001)), certif. denied, 200
N.J. 502 (2009). Thus, we decline to consider the arguments.

 3 A-1861-14T4
dismissed the complaint against Turner and Mattone,4 and granted

summary judgment to Enterprise on all claims other than the loss

of property and breach of contract claims.5 For the remaining

claims, the court empaneled a jury of eight and conducted a four-

day jury trial from December 16, 2014 to December 19, 2014.

 At the trial, Enterprise stipulated that it had a rental

agreement with plaintiff, pursuant to which plaintiff rented a

large van on March 1, 2010, from Fort Lee, New Jersey. Enterprise

also stipulated that the rented van subsequently broke down in

North Carolina and was towed to the Durham airport Enterprise

branch, where plaintiff received another rental car. Plaintiff

testified that when Enterprise was unable to find another vehicle

to transport his belongings, he decided to abandon his move.

According to plaintiff, Enterprise took possession of his personal

belongings in the rental van and agreed to send them back to him

in New Jersey but never did. Plaintiff submitted to Enterprise a

106-page list of his personal belongings that were in the van,

including computer equipment, clothing, and household items, along

4
 The claims against Mattone were dismissed on summary judgment
for failure to state a claim, as plaintiff failed to present any
evidence of actionable conduct on his part.
5
 Enterprise was granted summary judgment on the negligence claims
on the ground that plaintiff's June 27, 2012 complaint was filed
after the expiration of the two-year statute of limitations, which
expired on March 1, 2012. See N.J.S.A. 2A:14-2(a).

 4 A-1861-14T4
with purported supporting receipts and checks for loan payments.

Plaintiff testified that he estimated the value of the lost items

to be $200,000.

 Although plaintiff testified that he was accompanied by two

movers when the van broke down, he did not call either of them to

testify at the trial. In addition, during cross-examination,

defense counsel questioned plaintiff about testimony he gave

during a December 14, 2007 deposition and at a trial on July 16,

2010. Both the deposition and trial testimony were from an

unrelated case in which plaintiff sued his former landlord for

loss of some of the same property plaintiff now claimed Enterprise

lost. For example, in his 2007 deposition testimony, plaintiff

claimed that he lost a Ju-Ju mask purchased in November 1994,

which was one of the items listed in his submission to Enterprise.

In his 2010 trial testimony, plaintiff testified, "I'm seeking

total damage of my property, my loss . . . everything I owned in

my life, everything, they took it." When confronted with his

prior sworn deposition testimony, plaintiff refused to answer.

When confronted with his prior sworn trial testimony, plaintiff

denied his prior statements and testified that the transcript was

"wrong."

 Michael DeBlasio, a risk manager for Enterprise, testified

that while Enterprise may ship small items left in their rental

 5 A-1861-14T4
vehicles back to their customers, such as cell phones, EZpass

transponders, or garage door openers, Enterprise would never agree

to ship "a van full of items." Instead, Enterprise would

ordinarily hold the items for thirty days for the customer to

recover. DeBlasio further testified that no Enterprise employee

acknowledged seeing or holding plaintiff's belongings.

 Following summations on December 18, 2014, plaintiff

complained that he was sick and was transported by ambulance to

the hospital at the judge's direction. When the trial resumed the

following morning, plaintiff claimed he lost his exhibits when he

was transported to the hospital the day before. At the judge's

request, defense counsel recreated all of plaintiff's exhibits

that were in evidence. Plaintiff requested a mistrial, arguing

that he was still sick and needed to return to the hospital for

additional treatment, his original exhibits were missing, and the

jury was incomplete. The judge denied plaintiff's application.

Although juror number three had not yet arrived, the judge

proceeded with the seven jurors who were present.

 The judge later explained his ruling thusly:

 [Plaintiff] has been a very difficult
 party in this action. He's created many
 difficulties, many problems and I think
 deliberately caused delays in this trial by
 various conduct[] such as walking out at
 times. Now he claims to have a health problem
 but he's never given the [c]ourt any

 6 A-1861-14T4
 information as to . . . why he needed to take
 these sudden walk outs. He refused to
 cooperate on exhibits.

 He also misled the [c]ourt at various
 times such as when he, in the [c]ourt's view,
 removed documents from [an] exhibit . . . and
 then denied it occurred. . . .

 Now, defendant is also entitled to a fair
 trial and I think the plaintiff has done
 everything in his power to deprive the
 defendant of a fair trial in this matter
 . . . .

 I think the [plaintiff] in this matter
 has taken various maneuvers and steps to try
 and prevent that. It['s] reached the point
 now while he came here from Hackensack
 Hospital whether he's truly released or not I
 don't know. I [have] to take his word for
 that. . . . [W]hen he shows up he knows his
 exhibits are necessary. He says he doesn't
 know where they are. I find that hard to
 believe. . . . And I think that he's just
 intent now to avoid having a decision reached.
 I don't believe he is operating in good faith
 or has during this trial so many times and
 therefore the [c]ourt proceeded because the
 defendant is entitled to have a case end.

 Before charging the jury, at plaintiff's request, the judge

allowed plaintiff to address the jury despite having previously

given his summation. Plaintiff made a rambling statement

complaining that the exhibits itemizing his losses were missing

and that he had not been treated fairly. Plaintiff also explained

that he had to return to the hospital for treatment and left the

courtroom. The judge charged the seven jurors. One alternate was

 7 A-1861-14T4
selected and the remaining six jurors retired to the jury room to

deliberate.6 Thereafter, the jury returned a unanimous verdict of

6-0 in favor of defendant on the claims of breach of contract,

negligence, and conversion.

 This appeal followed. Plaintiff makes the following argument

for our consideration.

 I. THE TRIAL COURT ERRED IN SENDING THE CASE
 TO AN INCOMPLETE JURY WITHOUT PLAINTIFF BEING
 THERE DUE TO HIM BEING RUSHED FROM THE
 COURTROOM TO HACKENSACK [UNIVERSITY MEDICAL
 CENTER] HOSPITAL FOR CONDITIONS THAT THE COURT
 WAS AWARE OF.

Plaintiff argues that the judge erred by not declaring a mistrial

and by sending the case to an incomplete jury. We disagree.

 The decision to declare a mistrial is committed to the trial

court's sound discretion, and "[t]he abuse of discretion standard

of review should pertain when reviewing such determinations of a

trial court." State v. R.D., 169 N.J. 551, 559 (2001). "Juries

in civil cases shall consist of 6 persons" or more. N.J.S.A.

2B:23-1(b); see N.J. Const. art. I, ¶ 9. The rule expressly states

that "[a] deliberating jury in a civil action shall consist of six

persons[.]" R. 1:8-2(b). A court may excuse jurors prior to

6
 The missing juror arrived after the jury began deliberating,
explaining that he had overslept.

 8 A-1861-14T4
deliberations "provided the number of jurors is not reduced to

less than" six in a civil case. R. 1:8-2(d)(1).

 Here, six jurors deliberated and returned a unanimous verdict

of 6-0 in favor of defendant on all the questions presented for

deliberation. Plaintiff's assertion that the case was submitted

to an incomplete jury is entirely belied by the record. The judge

clearly complied with the rule. See LaManna v. Proformance Ins.,

184 N.J. 214, 228 (2005) (noting "our trial courts should comply

fully with Rule 1:8-2.").

 Moreover, the judge did not abuse his discretion in denying

plaintiff's application for a mistrial. As the judge noted,

plaintiff engaged in manipulative tactics that undermined the

integrity of the trial, and also engaged in brinkmanship that

challenged the authority of the court. As our Supreme Court

observed:

 A plaintiff cannot invoke the jurisdiction and
 machinery of our civil justice system, openly
 defy the court's authority to suit his own
 purposes, and expect to triumph. A plaintiff
 does not get to present to the jury his
 evidence while suppressing another party's
 evidence, or to pick and choose the rules he
 intends to follow. The defendant, as much as
 the plaintiff, has a right to his day in court.
 Because one of the essential purposes of a
 civil trial is the search for truth, the one
 who initiates that process by filing a
 complaint cannot be permitted to obstruct that
 search when it becomes unpleasant or
 inconvenient.

 9 A-1861-14T4
 [Gonzalez v. Safe & Sound Sec. Corp., 185 N.J.
 100, 117 (2005).]

 To the extent we have not specifically addressed plaintiff's

remaining arguments of judicial impropriety,7 we deem them to be

belied by the record and without sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

7
 Plaintiff argues that he was treated unfairly because the judge
failed to order opposing counsel to comply with his discovery
demands; ordered two armed sheriff's officers to stand in proximity
to him throughout the proceedings; failed to provide him a French
and Swahili interpreter; failed to grant his request for an
adjournment to tend to his medical needs; failed to discharge
jurors who indicated they did not want to serve; assisted opposing
counsel by asking defendant's witness leading questions; allowed
opposing counsel to peruse plaintiff's documents on counsel table
while plaintiff went to the bathroom; interrupted plaintiff as he
tried to present his case; refused to read plaintiff's jury
instructions to the jury; and lost the evidence that he left in
the courtroom.

 10 A-1861-14T4